## IN THE MATTER OF JUDICIAL DITCH NO. 53.

### J. H. BAUGH v. COUNTY OF NORMAN.[1]

#### July 12, 1918.

#### No. 20,971.

**Constitution — due process of law — ditch engineer's claim against county.**

Where a judicial ditch has been established and the fund for its construction has been provided, and is in the county treasury, an appeal from a judgment against the county (obtained in the drainage proceeding) by the duly appointed engineers for services rendered under the provisions of section 5571, G. S. 1913, does not present a question of the violation of the due process of law requirement of the Constitution, when the record discloses that due notice of hearing of the claim was given the county, and a hearing was had, at which the evidence, received without objection, conclusively established the correctness and legality of the claim represented by the judgment.

J. H. Baugh petitioned the district court for Norman county for an order to show cause why certain bills incurred in the construction of Judicial Ditch No. 53 should not be allowed against the counties of Norman and Polk. The matter was heard before Watts and Grindeland, JJ., who made findings and as conclusion of law ordered judgment

[1]Reported in 168 N. W. 348.

140 M.—30.

against each county. From the judgment entered pursuant to the order for judgment, the county of Norman appealed. Affirmed.

*John M. Hetland,* for appellant.

*Julius J. Olson* and *Charles Loring,* for respondent.

HOLT, J.

Judicial Ditch No. 53 was established in the counties of Norman and Polk; the liens for the benefits assessed were extended against the lands affected; the contract for the construction of the ditch was let; and the funds for the payment of the cost thereof, including the expenses of the proceeding, have been provided and are now in the hands of the respective county treasurers. In that situation an order was procured directing the two counties to show cause why the claims of the engineer and his assistant, appointed to make the survey and superintend the construction, should not be audited and allowed by the court, and the counties decreed to pay their respective shares. At the appointed time the counties appeared, a hearing was had, and findings were made, upon which a judgment was entered against the counties. Norman county alone appeals from the judgment.

The only question attempted to be presented by appellant is the constitutionality of that part of section 5571, G. S. 1913, which reads: "In case of a judicial ditch, such fees per diem, compensation and expenses, and fees for such other legal services and expenses shall be audited, allowed and paid upon the order of the judge of the district court having charge thereof." It is contended that the decision in State v. District Court of Thirteenth Judicial District, 138 Minn. 204, 164 N. W. 815, declared the quoted part unconstitutional, therefore no valid judgment can be rested upon the procedure therein authorized. That decision involved a case where, after the dismissal of the drainage proceeding, the court, without notice to the county, ordered the payment of engineer's fees in a sum greatly in excess of the amount of the petitioner's bond. And it was held that the provision violated the due process of law requirement of the Constitution insofar as it contemplated fixing, on an ex parte application, a personal liability against the county for the preliminary expenses where the proceeding had been dismissed for failure of the petitioners to give an adequate bond. But, the reserva-

tion made upon the denial of the petition for a rehearing and the trend of the decision in State v. Hansen, supra, page 28, 167 N. W. 114, indicate that the procedure adopted in the case at bar, to obtain payment from the appellant county, does not lack the due process of law feature.

Indeed, we do not perceive how appellant can raise a constitutional question upon this record. "It is a well settled principle that the constitutionality of a statute will not be determined in any case, unless such determination is absolutely necessary in order to determine the merits of the suit in which the constitutionality of such statute has been drawn in question," 12 C. J. 780 (section 212). The first part, not here challenged, of section 5571 specifies what fees shall be allowed and paid for services rendered under the drainage act in these words: "To engineers a sum not exceeding the sum of ten (10) dollars per day, to be fixed by the judge or county board making the appointment, for every day necessarily engaged and actual and necessary expenses, including cost of bond." The ditch has been established and the money provided for the fees and expenses connected therewith. This money does not belong to the county in a proprietary sense. The county is merely the governmental agency to disburse it to the proper parties. While this drainage project was still under the supervision of the court, the petitioner upon due notice to the county, requested the court to direct the county to pay its share of the engineer's fees due under the law. The county appeared, raised no question of jurisdiction, and made no objection to the testimony offered. This testimony conclusively established the correctness and legality of the claim asserted. Findings were made accordingly, and judgment entered. The procedure pursued cannot be criticised nor the result questioned were the part of the statute now assailed as unconstitutional altogether eliminated. It would hardly seem a debatable question that where, as here, a governmental agency pursuant to a valid legislative enactment collects money for a specific purpose through a judicial proceeding, the court may not therein, upon proper notice and hearing, direct the disbursement of the money by such agency to the persons declared by statute entitled thereto. The judgment here represents such action of the court and is, in our opinion, unassailable.

Judgment affirmed.