## MIDLAND GLASS COMPANY, INC. v. CITY OF SHAKOPEE AND ANOTHER. NORTHERN STATES POWER COMPANY, APPELLANT.

226 N. W. 2d 324.

February 21, 1975—No. 44687.

*Harold J. Bagley, Leonard J. Keyes,* and *Samuel L. Hanson,* for appellant.

*Harold C. Evarts, Allen D. Barnard,* and *Best, Flanagan, Lewis, Simonet & Bellows,* for plaintiff-respondent.

*Julius A. Coller II,* for defendant-respondent.

Heard before Sheran, C. J., and Otis, Kelly, Todd, and Yetka, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Defendant Northern States Power Company (NSP) appeals from a summary judgment entered July 24, 1973, declaring the utility franchise granted to NSP by the city of Shakopee void. The trial court determined that a 7-percent surcharge to be collected by NSP from certain customers was unconstitutional. This holding is not challenged on this appeal. However, the trial court further found the surcharge provision to be so woven into the franchise grant as to require the entire franchise to be declared void, despite the existence of a severability clause in both ordinances involved. We reverse.

Plaintiff, Midland Glass Company, Inc. (Midland), constructed a glass-manufacturing plant in 1961 in the Valley Industrial Park area in Eagle Creek Township, Scott County, Minnesota, adjacent to the city of Shakopee. At all times electricity has been furnished to the plant by NSP. On August 30, 1971, by order of the Minnesota Municipal Commission, the city of Shakopee, by consolidation proceedings, acquired a large portion of Eagle Creek Township, including all of the Valley Industrial Park area. On February 29, 1972, the common council of Shakopee passed Ordinance No. 337, granting a 20-year utility franchise to NSP, permitting it to distribute electric power within the city, and imposing a 7-percent charge on the gross operating revenues of NSP generated within the city. The ordinance specifically provided that the charge could not exceed the amount which the company could legally recover by imposing an equivalent surcharge on its customers. On October 25, 1972, the common council of Shakopee passed Ordinance No. 342, which limited the territorial application of the franchise agreement (and thus the imposition of the surcharge) to an area roughly equivalent to the Valley Industrial Park area, thereby including only

Midland and 19 other customers. The surcharge was not imposed upon other users of electricity within the corporate limits of Shakopee who obtained their power from the municipal system or the Minnesota Valley Electric Cooperatives system. Midland brought suit against NSP and the city, seeking a declaratory judgment that Ordinances Nos. 337 and 342 were unconstitutional, an injunction preventing the city and NSP from imposing and collecting said 7-percent surcharge, and damages incurred as a result of the past imposition of the surcharge.

The challenged portion of Ordinance No. 337 provides as follows:

SECTION IV: *Charge on Gross Revenues*

"A. The Common Council may by resolution impose on the Company as full compensation for the rights hereby granted a charge not to exceed seven percent (7%) of the Company's gross operating revenues, as hereinafter defined, derived during the period commencing with the effective date hereof and continuing during the life hereof unless prior to December 31, 1974 the Company has in operation the facilities described in its letter to the Mayor of Shakopee dated February 17, 1972, in which case said charges will terminate on December 31, 1974; provided that the amount of the charge shall not exceed any amount which the Company may legally recover, prior to payment to the City, by imposing a surcharge equivalent to such charge in its rates for electric service to customers within the City. Said charge shall be payable quarterly within 45 days after the end of the calendar quarter and shall be based upon the gross operating revenues of the Company for the preceding quarter or portion thereof after such charge becomes effective. The Company shall be given at least thirty (30) days written notice of the effective date of the charge or any change in the charge by registered mail addressed to its usual mailing address. The term 'gross operating revenues' means revenues of the Company derived from the sale of electric power and energy used within the City, but excluding

revenues to recover any charge imposed hereunder and revenues from the sale of electric power and energy to the Shakopee Public Utility Commission.

"B.    Until changed by resolution by the Council, the effective charge shall be seven percent (7%) of the gross operating revenues of the Company for any service provided after the effective date hereof except as the amount of the charge may be limited as provided in Subsection A."

In addition, the ordinance contained the following separability clause:

"Every section, provisions or part of this Ordinance is declared separate from every other section, provisions or part; and, if any section, provision or part shall be held invalid, it shall not affect any other section, provision or part."

Ordinance No. 342 contained a similar separability clause.

On Midland's motion for summary judgment, the court entered an order for judgment declaring Ordinances Nos. 337 and 342 unconstitutional and void in their entirety because of the surcharge provision, which it found to violate the equal protection and contract clauses of the Federal and Minnesota Constitutions.

NSP moved to amend the order of the court to limit the declaration of unconstitutionality to Section IV of Ordinance No. 337, thereby preserving the remainder of the franchise agreement as constitutional. The court denied this motion and defendant NSP has appealed from the judgment entered pursuant to the court's original order.

Examination of the records, files, and proceedings herein leads to the observation that none of the parties intended the results arrived at by the trial court. Midland sought to be relieved of what it correctly assumed to be an improper surcharge. The city of Shakopee desired to continue the imposition of the surcharge. NSP was neutral on this question, merely seeking to preserve its rights under the franchise agreement. The parties focused

entirely on the constitutionality of the surcharge and at no time contended that the entire ordinance must fall.

The trial court correctly determined that the surcharge as established by Ordinances Nos. 337 and 342 was improper and unconstitutional. However, we conclude that the trial court incorrectly applied this determination in construing the ordinances in question.

It is axiomatic that an ordinance cannot be unconstitutional unless one of its sections is found unconstitutional. A close reading of Section IV yields the conclusion that, given the finding that the 7-percent surcharge on Midland is unconstitutional, Section IV itself remains constitutionally viable. This court has stated that every presumption should be exercised in favor of a statute's constitutionality and, whenever possible, the merits of a case should be decided without a determination of a statute's unconstitutionality. Thus, courts will endeavor to find alternate, nonconstitutional grounds for decision. "The power of the court to declare a law unconstitutional is to be exercised only when absolutely necessary in a particular case." Lott v. Davidson, 261 Minn. 130, 143, 109 N. W. 2d 336, 345 (1961). Moreover, "[w]here the act is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional, the court should adopt the former." City of Duluth v. Northland Greyhound Lines, 236 Minn. 260, 264, 52 N. W. 2d 774, 777 (1952).

An examination of Section IV of the questioned ordinance indicates that it was carefully drafted in anticipation of potential problems regarding the legal effectiveness of the surcharge being imposed. The ordinance specifically provides that the charge on NSP shall not exceed any amount which NSP may "legally recover" by imposing an equal surcharge on its customers. The trial court's determination that the surcharge was improper and that it could not be imposed does not compel the conclusion that the entire ordinance must fail. Section IV remains constitutionally viable, although the city cannot require NSP to pay it

any charge thereunder, since the amount of such a charge cannot exceed any surcharge and the trial court's implicit finding was that only a zero surcharge would be legally permissible and legally recoverable. Section IV of the ordinance in question is not un-constitutional, only the discriminatory 7-percent surcharge. The surcharge can be voided without disturbing Section IV of the ordinance.

Therefore, we hold, in response to our duty to avoid ruling on the constitutionality of statutes or ordinances whenever possible, that the finding of the trial court should be limited to a deter-mination that the surcharge itself is unconstitutional, but that the remainder of Section IV is not unconstitutional and there-fore the ordinance itself is not void.

Having determined that the ordinances in question are con-stitutional, we need not consider the other issues raised by ap-pellant.

The judgment is reversed and the matter remanded to the trial court with instructions to enter judgment declaring that the sur-charge is unconstitutional but that the ordinances themselves are constitutional and effective.

Reversed and remanded.