Ferris J. ALEXANDER, et al., Appellants,

v.

Dean SEVERSON, individually and in his capacity as an officer of the Minneapolis Police Department and the City of Minneapolis, Respondents.

No. C5-86-1853.

Court of Appeals of Minnesota.

June 23, 1987.

Review Denied Aug. 19, 1987.

Randall D. Tigue, Minneapolis, for appellants.

Robert Alfton, Minneapolis City Atty., C. Lynne Fundingsland, Asst. City Atty., Minneapolis, for respondents.

Heard, considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

The appellants sought an order enjoining the City of Minneapolis and its agents from arresting, citing, or threatening to arrest or cite certain operators and employees of two Minneapolis adult book stores, and from making any unlawful custodial arrests of exotic dancers performing at the book stores. The district court concluded that the performances of the exotic dancers are not entitled to first amendment protection and that the police department should not be enjoined from enforcing the city's indecent conduct ordinance. We affirm.

## FACTS

Appellant Ferris Alexander is the owner and operator of two adult book stores located in Minneapolis. Appellant James Hangistamoulos manages the stores; appellants Dawn Marie Godlewski and Joylyn Banks are two of several persons who perform "exotic dances" at the book stores. During the early morning hours of September 5, 1986, Minneapolis police officers entered a booth in these stores and deposited some quarters into a coin-operated machine which caused a screen to raise allowing the officers to view a stage area. The officers observed and videotaped three exotic dancers who were engaged in a variety of nude performances which included exposure and manipulation of the anal and genital areas. The women directed their performances toward the officers' booths when the officers slid money through a slot in the windows which separated the booths from the stage area. The performers were not dancing and no music was playing during the performances.

The performers were arrested and charged with violating the Minneapolis indecent conduct ordinance which states:

No person, in any public or private place, shall engage in, or offer or attempt to engage in, or congregate because of:

a) Lewd, lascivious or immoral conduct;

b) The use of slanderous, foul, obscene or indecent language;

c) The indecent or lascivious exposure or use of the human body, or any part thereof; or

d) Behavior, whether by words or acts, of a nature to corrupt the public morals or to outrage the sense of public decency.

Minneapolis, Minn., Code of Ordinances § 385.160 (Supp.1985). The three performers also were charged with violating state law prohibiting indecent exposure. *See* Minn.Stat. § 617.23 (1986).

The three performers filed motions to dismiss the charges against them on the grounds that the complaints failed to state specific facts showing probable cause to believe they had violated the ordinance and statute, and on the grounds that the ordinance and statute were unconstitutionally vague and overbroad under the first and fourteenth amendments to the United States Constitution and under article I, section 3 of the Minnesota Constitution.

The district court granted the performers' motions to dismiss concluding that there was no probable cause to believe the performers violated the ordinance and statute. However, the court found that the conduct of the three performers "as described in the Complaint did not contain any 'expressive' or 'artistic' qualities which would entitle that conduct to First Amendment protection." Before the three performers' dismissal motions were granted, appellants Alexander, Hangistamoulos, Godlewski, and Banks brought suit seeking

a declaration that Minneapolis' indecent conduct ordinance was unconstitutional on the grounds that the ordinance was unconstitutionally overbroad and vague, both on its face and as applied to the appellants.

The appellants sought a temporary and permanent injunction, as well as a temporary restraining order, enjoining the City of Minneapolis and its police officers from issuing citations or making custodial arrests of the appellants and other employees of the book stores without obtaining prior judicial determinations that the dancers' conduct is not protected by the first and fourteenth amendments.

On September 8, 1986, the district court granted the appellants' motion for a temporary restraining order restraining the City of Minneapolis and its police officers from arresting, citing, or threatening to arrest or cite individuals for violating the city's indecent conduct ordinance at the two adult book stores. The order also restrained the city and its police officers from making custodial arrests of performers without prior showings that the performers would not respond to the citations and that their dance performances are not entitled to first amendment protection.

The respondents claimed that the dancers' conduct contains no communicative element protected by the first and fourteenth amendments. The respondents contended the adult book store businesses constitute a continuing public nuisance and requested a temporary and permanent injunction enjoining appellants Alexander and Hangistamoulos from allowing "lewd exhibition of genitalia in a manner constituting a public nuisance."

At the hearing on October 7, 1986, the court was presented with deposition testimony of appellants Godlewski and Banks who admitted their performances were substantially the same as the performances videotaped on September 5. Godlewski and Banks also testified that the primary purposes of their performances were to sexually arouse their male viewers and earn monetary compensation, either from their employer or in the form of "tips" from customers. The district judge did not view

any actual performances by Godlewski or Banks.

The court concluded that the conduct and activities of the three performers arrested in September 1986 and the conduct and activities of Godlewski and Banks "do not constitute expressive or artistic 'dance'" and therefore their performances "are not entitled to First Amendment protection." Accordingly, the court ruled that, absent compelling circumstances, the City of Minneapolis should be allowed to enforce its indecent conduct ordinance. The district court dissolved the temporary restraining order and denied the parties' motions for injunctive relief.

The appellants appeal the district court's order denying them injunctive relief and raise two issues.

## ISSUES

1. Did the district court err by denying appellants' motion for an order enjoining the respondents from arresting, citing, or making custodial arrests of appellants and their employees?

2. Is Minneapolis, Minn., Code of Ordinances § 385.160 (Supp.1985) unconstitutionally vague and overbroad?

## ANALYSIS

### 1. *Injunctive Relief*

A trial court may exercise its sound discretion in granting injunctive relief and "its action will not be disturbed on appeal unless, based upon the whole record, it appears that there has been an abuse of such discretion." *Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d 81, 91 (Minn.1979) (citing *AMF Pinspotters, Inc. v. Harkins Bowling, Inc.*, 260 Minn. 499, 504, 110 N.W.2d 348, 351 (1961)).

In determining whether injunctive relief should issue, we consider the following:

(1) The nature and background of the relationship between the parties preexisting the dispute giving rise to the request for relief.

(2) The harm to be suffered by plaintiff if the temporary restraint is denied

as compared to that inflicted on defendant if the injunction issues pending trial.

(3) The likelihood that one party or the other will prevail on the merits when the fact situation is viewed in light of established precedents fixing the limits of equitable relief.

(4) The aspects of the fact situation, if any, which *permit or require* consideration of public policy expressed in the statutes, State and Federal.

(5) The administrative burdens involved in judicial supervision and enforcement of the temporary decree.

*Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 274-75, 137 N.W.2d 314, 321-22 (1965) (footnotes omitted).

### The Parties' Preexisting Relationship

The City of Minneapolis has attempted to enforce its indecent conduct ordinance against adult book store operators and other establishments in the past. The record does not indicate harassment of the adult book store operators or otherwise indicate an abuse of the criminal process. If such abuse did exist, appellants have an adequate remedy at law.

### Relative Harm

The appellants contend that they will be irreparably harmed if the City of Minneapolis continues to enforce its ordinance because they will be subject to continuing arrests and criminal prosecutions. They also allege that custodial arrests of exotic dancers employed by appellant Alexander without prior judicial determinations that the performances lack first amendment protection constitute an unlawful prior restraint on first amendment rights. They cite *Johnson v. City of Rochester*, 293 Minn. 156, 197 N.W.2d 244 (1972); *City of Duluth v. Wendling*, 306 Minn. 384, 237 N.W.2d 79 (1975). However, those cases dealt *only* with *unlawful seizures* of allegedly obscene material. In both cases the supreme court ruled that when the seized *property* was the only copy of the disputed material, the seizure must be preceded by a judicial determination of the material's allegedly obscene nature.

Our holding affects only the right to seize property, alleged to be obscene, without a prior adversary hearing. *It does not affect the right to make arrests without such a hearing.* We simply hold that the seizure was in violation of plaintiff's First Amendment rights, and he is entitled to the return of his property.

*Johnson*, 293 Minn. at 162, 197 N.W.2d at 248 (emphasis added).

The district court concluded the appellants had not shown an irreparable injury and that there were adequate legal remedies. The court alluded to possible future legal action by appellants based on abuse of process and false imprisonment claims if the arrests continue and are unjustified.

In *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), the Supreme Court suggested that an injunction enjoining criminal prosecution may be appropriate when defense of the criminal prosecution "will not assure adequate vindication of constitutional rights" and when freedoms of expression will be substantially impaired or lost. *Id.* at 485-86, 85 S.Ct. at 1120. In this case, the appellants' rights already have been addressed by the district court. The court did not address the appellants' constitutional claims because it concluded the evidence showed the appellants' conduct was not protected first amendment activity, and therefore the arrests of the performers did not constitute a prior restraint upon any first amendment freedoms. Appropriately, the court issued a temporary restraining order protecting the appellants pending a hearing on the parties' respective motions for temporary injunctions. *Cf. Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976) (injunctive relief was appropriate when "First Amendment interests were either threatened or in fact being impaired at the time relief was sought").

### Prevailing on the Merits

The district court concluded that neither the appellants nor the respondents was able to show a likelihood of prevailing on the merits. The court concluded that the

exotic dancers' conduct contained no communicative element and therefore was not protected first amendment activity. Accordingly, the district court concluded it would be appropriate for fact finders in criminal proceedings to determine whether the dancers' conduct violated the city ordinance. We concur with the district court's ruling.

We have stated previously that public nudity is not a constitutionally protected activity unless it comes "within the narrow confines of legitimate artistic expression or performance." *State v. Turner*, 382 N.W.2d 252, 255 (Minn.Ct.App.1986), *pet for rev. denied,* (Minn. Apr. 18, 1986). None of Godlewski's or Banks' deposition testimony suggested an attempt to convey ideas or that their performances were conducted for artistic purposes.

Appellants contend that the district court could not conclude Godlewski's and Banks' performances were not first amendment activity unless the court actually viewed their performances. The deposition admissions of Godlewski and Banks explained the substance and purposes of their own performances. This evidence was sufficient to sustain the court's finding that Godlewski's and Banks' conduct was not "expressive or artistic 'dance'" and therefore not entitled to first amendment protection.

### Public Policy

The district court denied appellants' motion for injunctive relief in part because it concluded "[a] court of equity should not interfere with the enforcement of criminal ordinances and laws absent compelling circumstances." In *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), the Supreme Court discussed the competing interests in first amendment cases and the propriety of granting injunctive relief. The Court noted that the courts "must weigh carefully the interests on both sides" and noted that an injunction may "seriously impair[ ] the State's interest in enforcing its criminal laws." *Id.* at 931, 95 S.Ct. at 2568. We believe the City of Minneapolis has a substantial and legitimate

interest in regulating public exhibition of lewd, lascivious or immoral conduct. *See Koppinger v. City of Fairmont*, 311 Minn. 186, 190, 248 N.W.2d 708, 711 (1976).

### Administrative Burden

The district court concluded that granting the appellants' motion for injunctive relief "would place a great administrative burden on the Court in supervising [appellants'] proposed injunction." We cannot conclude that the district court abused its discretion by denying appellants' motion for a temporary injunction enjoining the City of Minneapolis from enforcing its indecent conduct ordinances.

### 2. Constitutional Claims

Since we decide this case on the merits and conclude appellants' conduct is not constitutionally protected activity, we need not address the appellants' constitutional claims. *See Midland Glass Co. v. City of Shakopee*, 303 Minn. 134, 138, 226 N.W.2d 324, 326 (1975) ("whenever possible, the merits of a case should be decided without a determination of a statute's unconstitutionality").

### DECISION

The district court did not abuse its discretion by denying appellants' motion for a temporary injunction because appellants' conduct was not constitutionally protected activity. Absent compelling circumstances, the City of Minneapolis should not be enjoined from enforcing its indecent conduct ordinance.

Affirmed.