424 N.W.2d 825 (1988)
AMERICAN FAMILY INSURANCE, Appellant,
v.
METROPOLITAN TRANSIT COMMISSION, Respondent.
No. C7-87-2240.
Court of Appeals of Minnesota.
June 14, 1988.
*826 Rolf G. Hagen, Orlins and Brainerd, Richfield, for appellant.
Frederick C. Brown, Russell S. Ponessa, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondent.
Heard, considered and decided by PARKER, P.J., and NORTON and KALITOWSKI, JJ.

OPINION
NORTON, Judge.
American Family Insurance appeals a summary judgment awarded in favor of respondent Metropolitan Transit Commission (MTC), wherein the trial court found that the 1986 amendment to Minn.Stat. § 65B.47 of the Minnesota No-Fault Act applies to all claims made after the effective date of the amendment. We reverse.

FACTS
On January 28, 1986, Corrine Vincent tripped and fell while exiting an MTC bus, suffering personal injuries. At the time of her accident, and at all times relevant herein, Ms. Vincent was an insured with appellant American Family, for purposes of the Minnesota No-Fault Act. Following her accident and prior to March 26, 1986, Ms. Vincent made claims to respondent MTC, for her applicable no-fault benefits in accordance with Minn.Stat. § 65B.47, subd. 1 (1984).
Section 65B.47, subd. 1, of the Minnesota No-Fault Act was amended by the Legislature in 1986. Prior to March 26, 1986 (the effective date of the amendment), a passenger injured on an MTC bus filed claims with and looked to MTC for compensation. The 1986 amendment to Minn.Stat. § 65B.47, subd. 1 inserted the underlined language:
In case of injury to the driver or other occupant of a motor vehicle other than a commuter van, or other than a vehicle being used to transport children to school or to a school sponsored activity or other bus while it is in operation within the State of Minnesota as to any Minnesota resident who is insured as defined in Section 65B.43, Subd. 5, if the accident causing the injury occurs while the vehicle is being used in the business of transporting persons or property, the security for payment of basic economic loss benefits is the security covering the vehicle or, if none, the security under which the insured person is an insured.
1986 Minn. Laws ch. 455 § 50.
On July 11, 1986, Ms. Vincent had a claim for no-fault medical expenses in the amount of $222.00. This claim was submitted to and paid by American Family. Thereafter, American Family refused payment of all further no-fault benefit expenses incurred by Ms. Vincent. MTC resumed payment of Ms. Vincent's no-fault benefit claims.
American Family commenced suit against MTC in conciliation court, for reimbursement of the $220.00 in no-fault medical expenses paid. MTC, having lost in conciliation court, filed a Demand for Removal to the district court. MTC counterclaimed against American Family for the recovery of no-fault benefits paid to Ms. Vincent after March 26, 1986. At the time judgment was entered by the trial court, MTC had paid approximately $14,474.64 in medical and wage loss expenses.
There is no genuine issue of material fact in dispute, the facts of this matter having been stipulated to by the parties. Therefore, both parties moved for summary judgment and for an award of damages. The trial court granted MTC's motion for summary judgment in all respects. In its decision, the trial court determined that the *827 1986 amendment to Minn.Stat. § 65B.47, subd. 1, applies to all claims for no-fault benefits arising after the effective date of the amendment, March 26, 1986. It is this decision which appellant now seeks to overturn.

ISSUE
Did the trial court err as a matter of law, in determining that the 1986 amendment to Minn.Stat. § 65B.47, subd. 1 applies to all claims for no-fault benefits made after the effective date of the amendment?

ANALYSIS
In reviewing a summary judgment, this court must determine whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. Betlach v. Wayzata Condominium, 281 N.W.2d 328, 330 (Minn.1979).
Because the operative facts of this litigation are not disputed, the standard of review is limited to a determination of whether the trial court erred in its application of the law. See A.J. Chromy Construction Company v. Commercial Mechanical Services, Inc., 260 N.W.2d 579, 581 (Minn. 1977). Because this issue is purely legal in nature, this court need not give deference to the decision of the trial court. Frost-Benco Electric Association v. Minnesota Public Utilities Commission, 358 N.W.2d 639, 642 (Minn.1984).
The Minnesota Legislature specified that the 1986 amendment to Minnesota Statute § 65B.47, subd. 1 was to have an effective date of March 26, 1986. 1986 Minn. Laws ch. 455 § 95. The reason for this dispute, however, is that the legislature did not expressly state whether the amendment would apply prospectively to all future claims for basic economic loss benefits or simply to all future accidents.
There is no dispute that at the date of the accident, MTC was the primary provider of no-fault benefits to Ms. Vincent. MTC argues that the background and purpose of the No-Fault Act generally, as well as the specific statutory provisions, reveal that the legislature intended this amendment to apply retroactively to accidents which occurred prior to this amendment.
In Minnesota no statute shall be construed to be applied retroactively unless "clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1986). In following this legislative mandate, the supreme court has held that before a statute will be afforded retroactive application, there must exist clear evidence that the legislature intended retroactive application, "such as mention of the word `retroactive'." Duluth Firemen's Relief Association v. City of Duluth, 361 N.W.2d 381, 385 (Minn.1985). In attempting to ascertain whether the legislature intended that a statute be retroactively applied, the supreme court has stated, "it is immaterial in this state whether a law alters procedural or substantive rights; the legislature still must express its intention to make it [the statute in question] retroactive." In re Estate of Murphy v. State Department of Public Welfare, 293 Minn. 298, 308, 198 N.W.2d 570, 576 (1972). "Retroactive applications of statutes, however, are not favored and will be given effect only when such intent is clearly and manifestly shown on the face of the statute." Andros v. American Family Mutual Insurance Co., 359 N.W.2d 46, 47 (Minn.Ct.App. 1984), pet. for rev. denied (Minn. Apr. 12, 1985) (quoting Parish v. Quie, 294 N.W.2d 317, 318 (Minn.1980)) (emphasis added). No such intent is shown by this legislation.
Further, we are of the opinion that MTC's interpretation of the retroactive application of the statute does not comport with basic contract law.
An insurance policy, like any other contract, is customarily governed by the law in effect at the time the policy is issued or the contract is made. Amco Insurance Co. v. Lang, 420 N.W.2d 895, 898 (Minn.1988). Since a statute operates prospectively unless the legislative language clearly indicates that it should apply retrospectively, a statute enacted during the term of an insurance *828 policy does not usually apply to that policy until the policy is renewed. Id. See also Hauer v. Integrity Mutual Insurance Co., 352 N.W.2d 406, 408 (Minn.1984) (underinsured motorist coverage will not be read into policies renewed after date of repeal of mandatory offer). As a practical matter, the No-Fault Act when first adopted was to apply only to accidents occuring after its effective date. 1974 Minn. Laws ch. 408 § 35. With few exceptions, amendments to the No-Fault Act have been prospective in nature, fixing the date of loss and the rights and obligations of the parties as of the date of accident or injury.
MTC further contends an insurer's obligation under the entire Minnesota No-Fault Act is premised on when loss accrues. Minn.Stat. § 65B.54, governing a "reparation obligor's duty to respond to claims" provides:
Basic economic loss benefits are payable monthly as loss accrues. Loss accrues not when injury occurs, but as income loss, replacement services loss, survivor's economic loss, survivor's replacement service loss, or a medical or funeral expense is incurred.
Minn.Stat. § 65B.54, subd. 1 (1986). Respondent maintains that the significant event for interpreting the no-fault benefit payment provisions of the Act is when the claim for basic economic loss benefits arises, not when the accident causing injury occurs.
MTC's argument is without merit. There is no single purpose behind the Minnesota No-Fault Act. Minn.Stat. § 65B.42 (1986) recognizes and expressly states several specific purposes. See Galle v. Excalibur Insurance Co., 317 N.W.2d 368 (Minn.1982) (the supreme court used the purpose section to emphasize that the coverage was to be tied to automobile accidents). In addition, Minn.Stat. § 65B.54 is an enforcement provision and imposes a 15% interest penalty upon a reparation obligor who has failed to timely pay benefits. The date of loss as defined in Minn.Stat. § 65B.54 relates to the date of imposition of the penalty, not the date to determine priority of payment between conflicting reparation obligors.
In Hoben v. City of Minneapolis, 324 N.W.2d 161 (Minn.1982), the supreme court dealt with reparation security statutes, Minn.Stat. §§ 65B.48, subd. 4 (1980) and 65B.61, subd. 2 (1980), as they apply to an employee injured in an automobile collision in the course of his employment. The supreme court held that: (1) Minn.Stat. § 65B.48 requires that municipalities provide reparation security for economic loss benefits arising out of the use of municipally owned motor vehicles; and (2) under statute pertaining to automobile insurance, Minn.Stat. § 56B.54, it was the intent of the legislature to deal prospectively with future payments of all basic economic loss benefits, regardless of when the incident giving rise to the claim occurred. Id. at 162 and 163.
This case is quite different. In Hoben, the supreme court determined that the amendment in question was merely a clarification of the intent of the statute. "[T]here is little doubt but that the legislature's prompt reaction to our construction of the applicable statutes indicates not a change in legislative policy but a disagreement with our understanding of the legislative intent in initially adopting the statutes, it is not a question of retroactivity but more nearly akin to a clarification." Id. at 163 (emphasis added). In the present case the amendment is far from being a mere clarification. The amendment shifts the burden of responsibility for injuries sustained while on an MTC bus. There is nothing in the language of the amendment itself which indicates it is merely a clarification.
MTC also claims that since the amendment is remedial in nature it should be liberally construed for the benefit of the MTC. MTC fails to demonstrate, however, that this idea of statutory construction evades the strong disfavor of retroactive legislation. Generally, adoption of an amendment creates a presumption that the *829 legislature intended to change pre-existing law. State by Spannaus v. Coin Wholesalers, Inc., 311 Minn. 346, 353-54, 250 N.W.2d 583, 587 (1976). When the language of an amendment is intended to clarify rather than enlarge the powers of the original statute, the presumption is rebutted. Id. at 354, 250 N.W.2d at 588. This is not the case here.
American Family claims that retroactive application of the 1986 amendment to Minn.Stat. § 65B.47, subd. 1 would result in an unconstitutional impairment of contract rights in violation of article 1, section 10, clause 1 of the United States Constitution and of article 1, section 11 of the Minnesota Constitution. Because this court finds that the 1986 amendment applies prospectively, it need not address the constitutional analysis advanced by the appellant. An elementary principle of statutory construction is that the court will not determine the constitutionality of a statute unless it is absolutely necessary to determine the merits of the suit. See Midland Glass Company, Inc. v. City of Shakopee, 303 Minn. 134, 138, 226 N.W.2d 324, 326 (1975); Baugh v. Norman County, 140 Minn. 465, 467, 168 N.W. 348, 349 (1918).

DECISION
The trial court incorrectly ruled that the amendment to Minn.Stat. § 65B.47, subd. 1, applies to all claims for no-fault benefits made after the effective date of the amendment, March 26, 1986. There is nothing in the language of the amendment to indicate that it is a clarification of existing law or is to be applied retroactively.
Reversed.