# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3355

_____

| | | |
|---|---|---|
| John Ways, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| City of Lincoln, a city of the primary | * | |
| class; Don Wesely, Mayor of Lincoln; | * | |
| City Council, City of Lincoln; Jeffery | * | |
| Fortenberry, City Council; Jon A. | * | Appeal from the United States |
| Camp; Cindy Johnson, City | * | District Court for the |
| Councilperson; Jonathan Cook, | * | District of Nebraska. |
| City Councilperson; Annette McRoy, | * | |
| City Councilperson; Colleen Seng, City | * | |
| Councilperson, Chair; Jerry Shoecraft, | * | |
| City Councilperson; Tom Casady, | * | |
| Chief of Police for the City of Lincoln, | * | |
| Nebraska; Unknown Slocum, Captain; | * | |
| Doug Srb, Captain; Police Department, | * | |
| Twelve other officers; Dana Roper, | * | |
| City Attorney, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 18, 2003

Filed: June 11, 2003 (corrected June 12, 2003)

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.
_____

BEAM, Circuit Judge.

John Ways (Ways) appeals the district court's[1] decision to grant defendants' (collectively, "Lincoln" or "the city") summary judgment motion on all of Ways's claims set forth in his amended complaint. We affirm.

## I.    BACKGROUND

The facts of this case can be found in more detail in the district court's opinion, Ways v. City of Lincoln, No. 4:00CV3216, 2002 WL 1742664 (D. Neb. July 29, 2002). Briefly, Ways is the owner and operator of Mataya's "Babydolls" Gentlemen's Theatre Club (Mataya's), an adult entertainment business featuring clothed, topless and nude dancers, located in Lincoln, Nebraska. The breasts, hips and buttocks of these dancers often come into contact with patrons and other dancers during the performances. Additionally, the dancers sometimes simulate oral sex with patrons.

Members of the Lincoln Police Department did an undercover investigation and determined that Mataya's was in violation of the Lincoln Municipal Code section 9.16.240 (hereinafter "Ordinance No. 17657"), and Ways was subsequently arrested. Ways was convicted of violating Ordinance No. 17657 and ordered to pay a fine. Ways filed a complaint and an amended complaint in federal district court, alleging a variety of things. Of note to us here are Ways's allegations that Ordinance No. 17657 is vague and overbroad and thus violates his due process rights under 42 U.S.C. § 1983; that Ordinance No. 17657 violates his and his employees' rights to freedom of expression; and that the public nudity ordinance, Lincoln Municipal Code

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

section 9.16.230, (hereinafter "Ordinance No.17730") violates his equal protection rights.[2]  The City of Lincoln moved for summary judgment on all counts, and the district court granted the motion.  Ways appeals.

## II.  DISCUSSION

Ordinance No. 17657 reads,

9.16.240  Sexual Contact; Prohibited.

(a)     It shall be unlawful for any employee or performer (including amateur performers) in any business or commercial establishment to have any sexual contact with any other employee, performer or patron for gratuity, pay or other remuneration, direct or indirect, or in conjunction with or as part of any performance or entertainment in any business or commercial establishment.

(b)     It shall be unlawful for any patron to have sexual contact with any employee or performer in any business or commercial establishment.

(c)     For the purposes of this section, sexual contact shall mean the intentional touching between a patron, a performer, or employee involving contact by or with a patron's, performer's, or employee's sexual organ, buttock(s), or breast(s), whether covered or not, or

---

[2]Ways asserted a number of other claims in his amended complaint and referred to some of these claims in his appeal.  We find it necessary to address only three of these claims because the other claims are clearly without merit or have not been properly raised on appeal.  Included in these meritless claims is Ways's argument that Mataya's is a "theater" deserving of an exemption under the statute.  The facts in the record clearly show that Mataya's is not a theater as defined by the ordinance, or by any common sense definition of the word. Instead it is a nude dancing, adult entertainment business that engages in simulated sexual activities designed to sexually arouse and gratify the patrons.

kissing, when such contact can reasonably be construed as being for the purpose of sexual arousal or sexual gratification of either party or any observer.

(d)     It shall be unlawful for any person purposely or knowingly to solicit, induce, or attempt to induce another person to engage in an act or acts prohibited hereunder.

(e)     It shall be unlawful for the owner, lessee, proprietor, or manager of any business or commercial establishment to knowingly allow any person on the premises of such business or commercial establishment to engage in an act or acts prohibits [sic] hereunder.

(f)     The provisions of this section shall not apply to a theater, concert hall, art center, museum, or similar establishment which is primarily devoted to the arts or theatrical performances and in which any of the circumstances contained in this section were permitted or allowed as part of such art exhibits or performances.

Lincoln Mun. Code § 9.16.240.

Ways argues that this ordinance is unconstitutionally overbroad. In Ways v. City of Lincoln, 274 F.3d 514, 519 (8th Cir. 2001) (Ways I), we upheld the district court's determination that the precursor to Ordinance No. 17657, Ordinance No. 17613, was overbroad because it did not exempt theaters, concert halls, art centers, or museums and the city had not shown that public sexual contact in these other, non-exempted venues created secondary adverse effects. We compared the original ordinance, Ordinance No. 17613, to the Iowa statute in Farkas v. Miller, 151 F.3d 900 (8th Cir. 1998), which we found to be constitutional and not overbroad because it contained a theater exception. Notably, we stated in Ways I, "The most significant difference, however, is that Ordinance No. 17613 did not contain any exception for artistic venues like the Iowa statute and like Lincoln's new Ordinance No. 17657." 274 F.3d at 519. In adopting Ordinance No. 17657, and including the identical theater exception provision from the Iowa statute, Lincoln has corrected the

constitutional shortcomings of Ordinance No. 17613. Thus, we agree with the district court that the ordinance is not unconstitutionally overbroad.

Ways also argues that Ordinance No. 17657 is unconstitutionally vague. In Ways I, we upheld the district court's conclusion that Ordinance No. 17613 was not vague. 274 F.3d at 517. Ordinance No. 17657 is the same as Ordinance No. 17613, only with the addition of the theater exception (which is identical to the non-vague provision in the Iowa statute in Farkas.) Thus, Ordinance No. 17657 is not unconstitutionally vague.

Ways argues that his and his employees' freedom of expression is violated by Ordinance No. 17657. The district court correctly applied the test from United States v. O'Brien, 391 U.S. 367, 376-77 (1968), in determining that the ordinance did not violate Ways's or his employees' freedom of expression, and we affirm the district court's dismissal of this claim and its explanation. Ways is adamant that "secondary effects" are a disputed fact preventing summary judgment because "the question of whether or not there is a secondary effect is before this Court and clearly in dispute. The City Council in passing this Ordinance . . . were [sic] silent regarding secondary effects." Brief of Appellant at 17-18. This argument misses the mark. The city did not need to offer evidence of localized secondary effects of an adult entertainment business, but rather can rely upon the experiences of other communities in which such deleterious secondary effects have been discerned. Farkas, 151 F.3d at 903.

Finally, Ways argues that his and his employees' equal protection rights are violated by Ordinance No. 17730. Ordinance No. 17730 states,

9.16.230 Public Nudity; Unlawful.

(a)     It shall be unlawful for a person to, knowingly or intentionally, in a public place or in any place open to the public, appear in a state of nudity.

-5-

(b)     'Nudity' means the showing of the human male or female genitals or pubic area with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering on any part of the areola and nipple, or the showing of covered male genitals in a discernibly turgid state.

(c)     This section shall not apply to:

     (1)     Any theater, concert hall, art center, museum, or similar establishment which is primarily devoted to the arts or theatrical performances and in which any of the circumstances contained in this section were permitted or allowed as part of such art exhibit or performance;

     (2)     Any dressing/changing room or restroom facility open to the public;

     (3)     Any person under twelve years of age; or

     (4)     Mothers who are breast feeding.

Ways argues that this statute treats men and women differently because men may expose their breasts, but women may not. The district court did not address the issue of whether this was a gender-based classification subject to the heightened scrutiny standard of United States v. Virginia, 518 U.S. 515 (1996). This was because the district court found that even if it amounted to such a classification, the statute met this high standard. Under Virginia, the state must persuasively show that certain gender-based classifications serve "important governmental objectives" and that the statute in question is "substantially related to the achievement of those objectives." 518 U.S. at 533. We agree with the district court's analysis and do not find it necessary to determine whether this higher standard applies[3] because clearly

_____

[3]Arguably, the higher standard would not apply because the "discrimination" was based on a real physical difference between men and women's breasts, thus men and women were not similarly situated for equal protection purposes. See State v. Turner, 382 N.W.2d 252, 255 (Minn. Ct. App. 1986); Eckl v. Davis, 124 Cal. Rptr.

Ordinance 17730 satisfies the stricter standard. As the district court found, the city's interests in preventing the secondary adverse effects of public nudity and protecting the order, morality, health, safety, and well-being of the populace are important. The ordinance is substantially related to those objectives, and thus the higher standard is satisfied. Virginia, 518 U.S. at 532-534; Buzzetti v. City of New York, 140 F.3d 134, 142 (2d Cir. 1998) (finding that ordinance preventing the exposure of the female, but not the male, breast did not violate equal protection). Ways's remaining contentions on appeal are without merit and do not warrant discussion.

## III.    CONCLUSION

For the reasons stated above, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

685 (Cal. Ct. App. 1975).