## SMITH v. KNIGHT.

**Partnership:** ACCOUNTING : DECREE : IMPROPER DIVISION OF CASE. Action in chancery, brought against an administratrix, to settle a partnership between plaintiff and decedent, the business of which plaintiff continued to carry on after the death of his partner. Plaintiff alleges a written contract for a settlement between himself and decedent, and various mistakes, errors and omissions in the entries in the firm books, and asks affirmative relief. Defendant denies the alleged mistakes, errors and omissions in the books, and alleges other errors and omissions, which, if corrected, would show a large balance in her favor, and she asks that the accounts be settled, and for affirmative relief. The court dismissed plaintiff's petition so far as he demanded affirmative relief, but ordered that the case be retained for the purpose of requiring plaintiff to account for his trust as surviving partner, and made no disposition of defendant's claim for relief on the ground of errors in the books prior to decedent's death. *Held* that it was error thus to split the case, and pass upon plaintiff's evidence, and leave the issues growing out of defendant's claims undetermined,—especially since the determination of such issues was necessary for a proper accounting by plaintiff as surviving partner,—and that the whole case ought to have been determined together; and it is remanded for a new trial accordingly.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

### FILED, MAY 18, 1889.

ACTION in chancery to settle a partnership. The relief prayed for by plaintiff was by a decree of the court denied, and the case retained for the purpose of requiring plaintiff, as the surviving partner, to account with the partnership and defendant. The plaintiff appeals.

*Phillips & Day, E. L. Green* and *D. D. Chase,* for appellant.

*Crooks & Jordan,* for appellee.

BECK, J.—I. The petition alleges that plaintiff and D. R. Knight, in 1869, entered into an oral agreement for a copartnership to erect a steam mill and elevator, and

Smith v. Knight.

to do the business of grinding and buying and selling grain.    Under the agreement they were to be equal part-ners, each furnishing equal portions of the capital of the partnership.    The firm did a large business, and there had been no settlement of the accounts of the partner-ship.    June 11, 1884, they entered into a written con-tract, which recites that there had been no settlement of the partnership business, and each of the partners may have invested in business an amount exceeding his due proportion.    The contract provides that as soon as possible the books of the firm shall be inspected, corrected and settled, and that each partner shall be allowed interest upon his monthly balance from the beginning, at the rate the firm may have paid during the time the balances were accruing.    It is also provided that interest at the same rate shall be allowed for future balances.    January 25, 1886, Knight died, and defendant is his administratrix.    Since the death of Knight plain-tiff has carried on the business as the surviving partner. It is shown in the petition that at no time has there been a settlement between the partners of their accounts with each other and with the firm.    The petition alleges that, while the books of the firm are in the main correct, yet in certain matters and instances they are incorrect, con-taining entries which they should not contain, and fail-ing to contain entries and charges which they should contain.    It is claimed in the petition that monthly balances of the partners' accounts should be taken, and interest charged on them as provided by the written agreement referred to; that the interest which the firm paid the banks was fifteen per cent., the loans renewable at the end of ninety days.    It is alleged that there is a mistake in an entry crediting Knight with three thousand dollars for the purchase of lots upon which the mill was built.    He should have been credited with eighteen hundred dollars only.    A charge against Knight of two thousand dollars is not posted upon the ledger, and does not enter into the accounts of the parties and the firm.    Other mistakes and omissions in the books are pointed out.    They need not be more particularly referred

to in this connection. The plaintiff, in his original peti-
tion, prays that a referee be appointed, the accounts be
settled, each party being charged with the items for
which he is liable, and that plaintiff recover $34,699, the
sum due him. The petition presents exhibits showing
the monthly balances of the partners as claimed by
plaintiff.

The defendant, in her answer, denies the alleged
mistakes and errors in the books charged by plaintiff,
and alleges that there are mistakes and omissions which,
if corrected and entered, would show a larger balance in
her favor. She alleges that plaintiff has converted and
appropriated to his own use a large sum of money com-
ing into his hands as surviving partner. She admits
that there never has been a settlement of the accounts
of the partners with each other and with the firm. She
prays that the accounts of the concern be settled, and
that she be allowed the amount to which she is fairly
entitled.

The answer and amended answer, as defense relat-
ing to the contract above referred to, deny that Knight
signed or executed it, and allege that it is usurious, and
therefore void, and that, as no claim was made under
it, nor attempt made to enforce it, in the lifetime of
Knight, plaintiff is now barred and estopped from all
attempt to enforce it. An amended petition sets out
other alleged mistakes and omissions in the books, and
prays that plaintiff be allowed for them in the final
decree. The answer to this amendment denies all the
allegations therein, and alleges that the ledger of the
firm is correct, except as to one item of near sixteen
hundred dollars; that the accounts have never been
questioned during the existence of the firm; and that
defendant is barred and estopped by the statute of
limitations from now questioning the same.

The parties introduced evidence upon the issues
evolved by the pleadings, and thereupon the district
court rendered the following decree: "It is therefore
ordered and adjudged by the court that all of the
affirmative relief prayed by plaintiff be denied, and that

plaintiff's petition, so far as the same relates to such affirmative relief, be dismissed. It is further ordered that the cause be retained for the purpose of requiring the plaintiff to account for his trust as surviving partner of the firm of Knight & Smith, and that plaintiff, Allan Smith, make a full, true and correct account of all his doings as surviving partner of said firm of Knight & Smith. Such account and showing shall be made in writing, and in such detail as shall be necessary to a full, fair and complete exhibit of plaintiff's management of said trust, and the present condition thereof, and shall be on file by the first day of the next term of this court. Defendant may except to or take issue upon such account and showing, and plaintiff shall, if demanded, appear at said term for examination in open court in reference to said trust, or for other or further order, as shall to the court appear just and equitable. Defendant having on the trial waived the plea in abatement to the effect that this action was prematurely brought, such issue is not passed upon herein, but the cause is determined as though such question had not been made. It is further ordered that plaintiff pay the costs of the suits, taxed at —— dollars. To all of which plaintiff excepted."

II. We are united in the opinion that the district court erred in not completely disposing of the case upon one trial. The decree, without presenting any findings of facts, disposes of whatever in plaintiff's petition may be called a prayer for affirmative relief, and to that extent dismisses his petition. The affirmative relief prayed for was that a judgment be rendered in plaintiff's favor. The allegations as to the contract for a settlement and as to the various mistakes, errors and omissions, are not prayers for affirmative relief. They are averments of facts, upon which plaintiff bases his claim for "affirmative relief." The decree does not pretend to settle the issue raised by defendant; it simply decides that plaintiff is not entitled to affirmative relief. The cause is retained for the purpose of requiring plaintiff to account as surviving partner.

Now, this decree does not settle defendant's claim as to the correction of the account in a matter of near sixteen hundred dollars. It is obvious plaintiff's "trust as surviving partner" will depend upon the condition of the firm accounts when Knight died. This would require defendant's claim as to the sixteen hundred dollars to be determined. But the district court has made no determination thereof, while the plaintiff's claims have all been cut off. This is the trial of one side of the case at a time. We think all claims of both parties should be considered and disposed of at one time.. We do not think the validity and effect of evidence of one party should be disposed of, and the case kept for trial upon issues involving claims of the other party. But, as we understand it, this was done; counsel so regard it. The contract for the settlement, evidence as to mistakes and omissions, and the like, are passed upon as insufficient to support plaintiff's claim for relief, while defendant's claim and defendant's evidence remain unadjudicated. This is erroneous.

III. We have given the case very careful attention, and are not prepared to assent to all of the conclusion upon the evidence which the court below reached. We think the case should not be split for trial. It is a case which demands the attention of a careful referee, who shall present fully the evidence, together with his findings of fact and of law upon all questions arising in the case, if the court below, in the exercise of its discretion, sends it to a referee. We probably could determine the effect of some, possibly all, of the evidence introduced by the parties, and hold that plaintiff is or is not entitled to a decree for relief thereon. But, as the case should be determined upon one trial as to all of the issues, and as to both sides, so that the decree shall fully and completely settle all the rights of all the parties, and as this cannot be done upon the record before us for the reason that the case remains in the court below for trial upon issues involving the rights of both parties, we send the case appealed back for trial

anew. This conclusion is demanded to the end that there may not be more than one trial in the case, which is forbidden by the law. The decree is reversed, and the cause is remanded for proceedings in harmony with this opinion.        REVERSED AND REMANDED.