STATE EX REL. RUTH M. DONOVAN v. DULUTH STREET
RAILWAY COMPANY.[1]

November 25, 1921.

No. 22,500.

**Workmen's Compensation Act — limitation of action — amendments construed.**

The compensation act of 1913 contained no limitation of the time for bringing suit. The amendatory act of 1915 limited the time to "one year after the occurrence of the injury." The act of 1919 amended certain portions of the 1915 act "to read as follows"; and the phrase quoted above was made to read "one year after the employer has made written report of the injury to the commissioner of labor of the state." The law all the time required the filing of such report. None was filed. The

[1]Reported in 185 N. W. 388.

plaintiff was injured on October 1, 1918, and brought her action in January, 1921. It is held that the 1919 limitation was a substitute for the 1915 limitation; that the 1915 amendment commenced running on October 1, 1918; that it had not run on April 22, 1919, when the 1919 amendment was approved; that it did not run afterwards; that the 1919 amendment operated to enlarge the 1915 limitation; that it applied to actions on which the 1915 limitation had not run; and that the plaintiff's cause of action was not barred when her action was commenced.

Upon the relation of Ruth M. Donovan the supreme court granted its writ of certiorari directed to the district court for St. Louis county and Honorable H. A. Dancer, judge thereof, to review its order sustaining a demurrer to the complaint in an action brought under the Workmen's Compensation Act by Ruth M. Donovan, employe, against Duluth Street Railway Company, employer. Reversed.

*Andrew Nelson* and *John Cedergren,* for relator.

*Finlayson & Watts,* for respondent.

DIBELL, J.

Certiorari to review an order of the St. Louis district court sustaining a demurrer to the complaint in a workman's compensation case. The question is whether the proceeding was barred by the statute of limitations.

The first compensation act was enacted in 1913. Laws 1913, p. 675, c. 467. It contained no limitation of the time for instituting a proceeding to recover compensation. The amendatory act of 1915, Laws 1915, p. 294, c. 209, § 8, added a section, designated section 20A, limiting the time for the bringing of a proceeding by the injured employe to "one year after the occurrence of the injury." Laws 1919, p. 387, c. 363, amended section 20A "to read as follows;" and the limitation above quoted was made to read "one year after the employer has made written report of the injury to the commissioner of labor of the state." The law then required, as it does now, that the employer file a report of accidents with the commissioner of labor. G. S. 1913, § 3892.

The plaintiff was injured on October 1, 1918. She instituted this proceeding in January, 1921. The defendant filed no report with the

commissioner of labor. The one year limitation fixed by the 1915 act commenced running on October 1, 1918, the date of the injury. It had not run on April 22, 1919, the date of the 1919 amendment. If it continued to run after that date the bar was complete when plaintiff's action was commenced in January, 1921. The 1915 limitation, if applicable, bars the action. If the limitation fixed by the 1919 amendment applies, the action is not barred.

When a statute is amended "to read as follows," the amendatory act is a substitute for the act amended. State v. Routh, 61 Minn. 205, 63 N. W. 621; Rundlett v. City of St. Paul, 64 Minn. 223, 66 N. W. 967; Shadewald v. Phillips, 72 Minn. 520, 75 N. W. 717; State v. Jones, 98 Minn. 6, 106 N. W. 963; State v. District Court of Ramsey County, 134 Minn. 131, 158 N. W. 798. In the first case cited Chief Justice Start said that the amendatory statute so reading "repeals everything contained in the original statute not re-enacted, and the amended statute is to be construed, as to any action had after the amendment, as if the statute had been originally enacted in the amended form." This thought has been expressed in varied language from case to case.

The 1915 limitation had not run against plaintiff's cause of action at the time of the amendment of 1919. It did not continue running after that. The 1919 amendment was a substitute for it and changed the limitation. In 1 Wood, Limitations (4th ed.) § 12, this is stated to be the rule:

"If before the statute bar has become complete the statutory period is changed, and no mention is made of existing claims, it is generally held that the old law is not modified by the new, so as to give to both statutes a proportional effect, but that the time past is effaced, and the new law governs. * * * In other words, the statute in force at the time the action is brought controls, unless the time limited by the old statute for commencing an action has elapsed, while the old statute was in force, and before suit is brought, in which case the suit is barred, and no subsequent statute can renew the right or take away the bar."

So, where the time within which an action to foreclose was changed from 10 years to 15 years, the new limitation was held to apply to all cases where the former statute had not run before it took effect. Brad-

ley v. Norris, 63 Minn. 156, 65 N. W. 357. The rule seems in harmony with what is said in Burwell v. Tullis, 12 Minn. 486 (572), and Holcombe v. Tracy, 2 Minn. 201 (241). Neither State v. General A. F. & L. A. Corp. 134 Minn. 21, 158 N. W. 715, Ann. Cas. 1918B, 615, nor State v. District Court of St. Louis County, 138 Minn. 213, 164 N. W. 812, is opposed. There the court had under consideration a statute which gave a limitation where there was none before. Its operation was postponed. This indicated an intended operation upon existing causes of action. The opinion of the court was directed to the general rule that a limitation statute is prospective, when rights will be cut off by it, and it was held that, in the particular situation, notwithstanding the statute was to become operative in the future and not presently, it did not affect existing causes. The court did not have to do with the well enough settled rule that an extension of the limitation period operates in favor of causes of action against which the limitation has not run. These cases hold that the limitation in the act of 1915 did not operate retroactively upon a cause of action occurring prior to its passage and so destroy it. Nor is Beach v. Gendler, 148 Minn. 421, 182 N. W. 607, opposed. There the 1915 limitation had run before the 1919 amendment.

A statute of limitation is not a matter of substantive right but of remedy. It is not at all unusual to extend the time for bringing suit, and to apply the new statute to causes against which the old statute is running. It is quite another thing to shorten the period and apply the statute retroactively and thereby cut off or unreasonably limit existing rights.

Order reversed.


BROWN, C. J. (dissenting).

I see no way of distinguishing this case, either in its controlling facts or the principles of law applicable thereto, from State v. General A. F. & L. A. Corp. 134 Minn. 21, 158 N. W. 715, Ann. Cas. 1918B, 615, and State v. District Court of St. Louis County, 138 Minn. 213, 164 N. W. 812, and therefore respectfully dissent. At the time the cause of action in the General Accident Fire & Life Assurance Corporation Case

arose, the compensation law contained no limitation for the commencement of actions thereunder; the time was unlimited. But the act was amended in 1915 in various respects, including the addition of a new section, by which the right of action was limited to one year from the date of injury. It was held in that case that the statute had prospective operation only, and did not apply to existing rights of action; that such statutes are to be given a retrospective operation only when a legislative intent to that effect clearly appears. The rule there applied was followed in the Berwind Fuel Company case, where the court took occasion to summarize and state the rules generally applied in construing limitation statutes by the different courts of this country, concluding with the direct holding that this court had adopted the rule of prospective operation. Prior to those cases there was perhaps some uncertainty in previous rulings upon the question, Burwell v. Tullis, 12 Minn. 486 (572); 1 Notes on Minn. Reports 477, but the decisions then rendered definitely and without qualification adopted the rule stated, a rule which finds support in the authorities elsewhere. It controls the case at bar. Plaintiff's cause of action existed at the time of the amendment of 1919, and was, under that rule, unaffected thereby, it had six months to run after the adoption of that act.

None of the cases cited from this court to sustain the present decision involved the construction of limitation statutes, and therefore are not in point. In each the court applied the familiar rule that an amendment of a statute "to read as follows" is in legal contemplation a new and independent enactment as respects the new matter contained therein. Or, as expressed by Mr. Justice Hallam in State v. District Court of Ramsey County, 134 Minn. 131, 158 N. W. 798, the amended statute can have no other or different construction or effect than would have been given an independent enactment on the subject, citing St. Paul, M. & M. Ry. Co. v. Broulette, 65 Minn. 367, 67 N. W. 1010. In this respect the amendatory act of 1919, as to the new matter therein, is precisely of the same independent character as the act of 1915, to be given the same forward operation and effect. Stein v. Hanson, 99 Minn. 387, 100 N. W. 821.