**Auralia KLIMMEK, Respondent,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 487 and Western National Mutual Insurance Co., Relators.**

**No. 50939.**

Supreme Court of Minnesota.

Nov. 21, 1980.

Fitch & Johnson and David N. Larson, Minneapolis, for relators.

Dale Gruis, St. Paul, for respondent.

WAHL, Justice.

Certiorari to review a decision of the Workers' Compensation Court of Appeals awarding employee compensation for a 15% permanent partial disability of her right foot and ankle. The sole issue raised is whether the Court of Appeals correctly held that employee's claim was not barred by Minn.Stat. § 176.151(3) (1974). We affirm.

Employee sustained a compensable injury to her right ankle on January 19, 1968, for which the employer and insurer paid her compensation for temporary total disability and medical expenses, making the last payment on January 7, 1969. On May 1, 1978, she filed a claim petition seeking an award for permanent partial disability. The employer and insurer resisted this claim on the ground it was barred by Minn.Stat. § 176.-151(3) (1974). That statute, in effect on the date of employee's injury, provided in pertinent part:

> Once compensation has been paid to the employee, he must bring any action for further compensation within eight

years from the date compensation was last paid * * *.

This provision was deleted by the 1975 legislature when it extensively amended section 176.151. 1975 Minn.Laws, ch. 359, § 17. Consequently, the compensation judge and two members of the three–judge Court of Appeals held that the amended statute rather than Minn.Stat. § 176.151(3) (1974) governs employee's claim, and it was not barred even though she had filed it more than eight years from the date she had last received compensation. In so holding, the majority relied on *State ex rel. Donovan v. Duluth Street Railway*, 150 Minn. 364, 185 N.W. 388 (1921). In that case this court had held that a statute enacted in 1915 which limited the employee's right to institute an action for compensation to one year after the occurrence of the injury did not bar an action for compensation brought in 1921, to recover for disability resulting from an injury which had occurred in 1918, because an amendatory statute passed in April 1919, six months after employee had sustained the injury, changed the period in which he could bring an action for compensation to "one year after the employer has made written report of the injury to the commissioner of labor of the state." The employer had never filed such a report, and the court held that the 1915 limitation did not apply, stating:

> The 1915 limitation had not run against plaintiff's cause of action at the time of the amendment of 1919. It did not continue running after that. The 1919 amendment was a substitute for it and changed the limitation. * * *
>
> *  *  *  *  *  *
>
> A statute of limitation is not a matter of substantive right but of remedy. It is not at all unusual to extend the time for bringing suit, and to apply the new statute to causes against which the old statute is running. It is quite another thing to shorten the period and apply the statute retroactively and thereby cut off or unreasonably limit existing rights.

150 Minn. at 366–67, 185 N.W. at 388–89.

The majority of courts which have considered the effect of a subsequent amendment that extends the time in which an employee may file his claim or which repeals a time limitation thereon have held that unless the claim has been barred prior to the effective date of the amendatory statute, that statute applies and permits the employee to prosecute his claim after it would have been barred under the prior statute. *See Davis & McMillan v. Industrial Accident Commission*, 198 Cal. 631, 246 P. 1046, 46 A.L.R. 1095 (1926); *Garris v. Weller Construction Co.*, 132 So.2d 553 (Fla. 1961); *Corbett v. General Engineering & Machinery Co.*, 160 Fla. 879, 37 So.2d 161 (1948); *Del Monte Corp. v. Moore*, 580 P.2d 224 (Utah 1978); *Lester v. State Workmen's Compensation Commissioner*, 242 S.E.2d 443 (W.Va.1978). In *Davis*, perhaps the leading case, the court held that a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action and that, until that time, the legislature has absolute power to alter the period of limitations subject only to the requirement that a reasonable time must be allowed for the prosecution of an action or proceeding after passage of an amendment shortening the period. The *Davis* court also held that an amendment to a statute of limitations enlarging the period within which an action can be brought is not, as to pending causes of action, retroactive legislation.

In spite of the holding in the *Donovan* case, the employer and insurer argue that the 1975 amendment cannot be invoked because its application would be retroactive and is therefore forbidden by Minn.Stat. §§ 645.21 and 645.31, subd. 1 (1978), which were enacted 20 years after *Donovan* was decided. Section 645.21 provides:

> No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

Section 645.31, subd. 1, provides in pertinent part:

> When a section or part of a law is amended, the amendment shall be construed as merging into the original law, becoming a part thereof, and replacing

the part amended, and the remainder of the original enactment and the amendment shall be read together and viewed as one act passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their first enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective.

In light of the fact that employee's right to bring an action for further compensation had not been barred by August 1, 1975, the effective date of the amendment repealing the eight–year limitation, application of the amendatory statute does not revive a claim which had been barred and therefore is not in our view a retroactive application. We are aware that some courts have taken the view that the limitation in effect at the time of an employee's injury is an integral part of the employee's right to compensation and have therefore concluded that compliance with the limitation is a condition precedent to the maintenance of that claim. *See McCrater v. Stone & Webster Engineering Corp.*, 248 N.C. 707, 104 S.E.2d 858 (1958); *Wilson v. New Mexico Lumber & Timber Co.*, 42 N.W. 438, 81 P.2d 61 (1938); *Barksdale v. H. O. Engen, Inc.*, 218 Va. 496, 237 S.E.2d 794 (1977).

We are not persuaded that Minn.Stat. § 176.151(3) (1974) should be so considered. It did not define the employee's substantive rights to compensation and was essentially only a statute of limitation. Consequently, employers had no vested rights in the eight–year limitation prescribed by that statute, unless that period had elapsed before the effective date of the 1975 law. *Davis*, 198 Cal. 631, 246 P. 1046; *Donovan*, 150 Minn. 364, 185 N.W. 388.

Affirmed.