STATE of Minnesota, Plaintiff,

v.

Thomas TRACZYK, Defendant.

No. C2–87–816.

Supreme Court of Minnesota.

Feb. 26, 1988.

As Amended March 4, 1988.

Rehearing Denied April 18, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James A. Terwedo, Scott Co. Atty., Thomas J. Harkinson, Asst. Co. Atty., Shakopee, for plaintiff.

James J. Abbs, St. Paul, for defendant.

## OPINION

KELLEY, Justice.

More than three years after the event allegedly giving rise to the charge, appellant Thomas Traczyk was charged with Criminal Sexual Conduct in the Second Degree. At the time of the alleged offense, the statute of limitations for that offense was three years. Before the expiration of the three-year statutory period, Act of April 25, 1984, ch. 496 § 1, 1984 Minn.Laws 488, 489, codified as Minn.Stat. § 628.26(c)(1984), extending the limitation period to seven years, became effective. In denying appellant Thomas Traczyk's motion to dismiss, the Scott County District Court held application of extension statute did not violate the ex post facto clauses of either the Constitution of the United States (Art. I, § 10) or of Minnesota (Art. I, § 11). However, pursuant to Minn.R.Civ.App.P. 118, subd. 3, and Minn.Stat. § 480A.10, subd. 2(b) (1986), the trial court certified the following question: "Is the extension of the statute of limitations for certain criminal offenses, which was enacted (and became effective) during the original time period for the offense, but after the date of the offense, an ex post facto law which would bar a prosecution brought outside the original limitations period, but within the extended limitations period?" We answer the certified question in the negative.

By a complaint issued by the Scott County District Court dated December 12, 1986, the appellant Thomas Traczyk was charged with the crime of Criminal Sexual Conduct —Second Degree, for violation of Minn. Stat. § 609.343, subd. 1(a) (1986). The

charge is based on conduct which allegedly occurred in June or July 1983. From the date of the alleged offense until the time it was charged, appellant was at all times a resident of the State of Minnesota, and was not related to the alleged victim. In 1983, at the time of the alleged event giving rise to the charge, the statute of limitations applicable to the charged offense was three years. Minn.Stat. § 628.26(d) (1982). However, the 1984 legislature amended the applicable statute to provide a seven-year limitation period. Act of April 25, 1984, ch. 496, § 1, 1984 Minn.Laws 488, 489 codified at Minn.Stat. § 628.26(c) (1984).[1] The amendment became effective August 1, 1984—a date occurring within the original three-year limitation period. Thus, the criminal complaint against appellant was issued after the expiration of the three-year statutory limitation period applicable on the date of the alleged crime, but before the expiration of the extended seven-year limitation period for the charged crime. At the Omnibus hearing, appellant Traczyk moved to dismiss on the grounds that application of the 1984 amended seven-year statute of limitations to appellant was prohibited as ex post facto. In denying the motion, the trial court ruled that since the seven-year extended statute of limitations became effective before the original three-year period had run against appellant, the 1984 amendment was not ex post facto as applied to appellant.

While we concur with the trial court and hold that the 1984 amendment was not ex post facto as applied to appellant, we arrive at that conclusion by applying Minnesota rules of statutory construction, rather than resorting to an ex post facto constitutional analysis encompassing either the reasoning employed by the trial court or adopting the contentions advanced by the parties.[2]

In Minnesota no statute shall be construed to be applied retroactively unless "clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1986). In following that legislative mandate, we have held that before a statute will be afforded retroactive application, there must exist clear evidence that the legislature intended retroactive application " * * * such as mention of the word 'retroactive' ". *Duluth Firemen's Relief Ass'n v. City of Duluth*, 361 N.W.2d 381, 385 (Minn.1985). In attempting to ascertain whether the legislature intended that a statute be retroactively applied, we have previously stated "it is immaterial in this state whether a law alters procedural or substantive rights; the legislature still must express its intention to make it [the statute in question] retroactive." *In re Estate of Murphy v. State Dept. of Public Welfare*, 293 Minn. 298, 308, 198 N.W.2d 570, 576, (1972); *Cooper v. Watson*, 290 Minn. 362, 369, 187 N.W.2d 689, 693 (1971); *Chapman v. Davis*, 233 Minn. 62, 65, 45 N.W.2d 822, 824 (1951). Moreover, Minn.Stat. § 645.31 (1986) provides that when an existing statute is amended "the new provision shall be construed as effective only from the date when the amendment became effective."

As the state concedes, other jurisdictions having statutes containing construction

1. Also the 1984 legislature renumbered Minn. Stat. § 628.26(d) to Minn.Stat. § 628.26(e). Both the renumbered statute and its predecessor provided for a three-year statute of limitations for certain criminal sexual conduct charges not here relevant. The result, however, is that a reference to the three-year statute of limitations period found in Minn.Stat. § 628.26(d), (1982) is identical to a reference to Minn.Stat. § 628.26(e) (1984).

2. An elementary principle of statutory construction is that the court will not determine the constitutionality of a statute unless the determination is absolutely necessary to determine the merits of the suit. *See, e.g., Baugh v. Norman County*, 140 Minn. 465, 467, 168 N.W. 348, 349 (1918). The power to declare a law unconstitutional is exercised only when absolutely necessary. *Lott v. Davidson*, 261 Minn. 130, 143, 109 N.W.2d 336, 345 (1961); *Head v. Special School Dist. No. 1*, 288 Minn. 496, 505–506, 182 N.W.2d 887, 893 (1970), *cert. denied*, 404 U.S. 886, 92 S.Ct. 196, 30 L.Ed.2d 168 (1971); *Midland Glass Co. v. City of Shakopee*, 303 Minn. 134, 138, 226 N.W.2d 324, 326 (1975). Because we can ascertain no legislative intent that the 1984 amendment extending the statute was to be retroactively applied, we need not, and under our precedents involving statutory construction, should not, address the ex post facto constitutional issues raised by the parties and the trial court. Though this retroactivity issue was not raised before the trial judge, it was raised, briefed and argued on appeal.

rules for the interpretation of statutes similar to section 645.21 have held that such statutes prevent retroactive application of an extension of an existing statute of limitations, even though such retroactive application would not violate the ex post facto constitutional prohibition. *See, e.g., United States v. Richardson,* 512 F.2d 105 (3rd Cir.1975); *State v. Paradise,* 189 Conn. 346, 456 A.2d 305 (1983); *Martin v. Johnson,* 708 P.2d 121 (Colo.1985); *Commissioner v. Baysore,* 349 Pa.Super. 345, 503 A.2d 33 (1986); *State v. Merolla,* 100 Nev. 461, 686 P.2d 244 (1984).

In the instant case, both the state and appellant agree that the legislature did not explicitly state that the amendment be given retroactive application. Furthermore, no wording in the amendment itself provides any clue that the legislature "manifestly" intended that it be retroactively applied.[3] However, the state here argues that the legislature was aware at the time the amendment was passed that victims of

child abuse often do not report the abuse until years after the incident has occurred. Thus, the state concludes, that the "broad scope of the amendment" indicates a legislative intent of retroactive application, and that the "compelling public policy of preventing sexual exploitation of children" supports such an interpretation of the extension amendment. We reject that contention, as we did two years ago when we rejected a similar contention in *Duluth Firemen's Relief Ass'n v. City of Duluth,* 361 N.W.2d 381, 385 (Minn.1985) by saying: "section 645.21 requires that there be much clearer evidence of retroactive intent in the statute's language—such as mention of the word 'retroactive'—before we determine that a statute was intended to be applied retroactively." Had the legislature intended the amendment receive retroactive application, it easily could have so provided.[4]

As the consequence of our holding that the 1984 extension amendment is not to be afforded retroactive application by refer-

---

**3.** The amendment, Act of April 25, 1984, ch. 496, § 1, 1984 Minn.Laws 488, 489, insofar as relevant, reads "Indictments or complaints for violation of sections 609.3641 to 609.3644, or for violations of sections 609.342 to 609.345 if the victim was under the age of 18 years at the time the offense was committed, shall be found or made and filed in the proper court within 7 years after commission of the offense."

**4.** Traditionally, consistent with the mandate of Minn.Stat. § 645.21, we have required clear evidence of retroactive intent before applying statutes retroactively with one notable exception in the area of worker's compensation law. In *Marose v. Maislin Transport,* 413 N.W.2d 507 (Minn.1987) and *Klimmek v. Indep. School Dist. No. 487,* 299 N.W.2d 501 (Minn.1980) employees filed claim petitions seeking permanent partial disability benefits resulting from prior injuries for which employers had previously paid certain statutory benefits. *Marose,* 413 N.W.2d at 509–510, 512–13; *Klimmek,* 299 N.W.2d at 501. In workers compensation law payment of disability benefits or medical expenses by an employer may constitute an "act or proceeding" for the purpose of time limitations. *Savina v. Litton Industries/Litton Medical Systems,* 330 N.W. 2d 456, 457 (Minn.1983); *Knopp v. Gutterman,* 258 Minn. 33, 42, 102 N.W.2d 689, 696 (1960). Thus, in both *Marose* and *Klimmek* employees had effectively commenced a proceeding for compensation benefits. At the time of each employee's injury, the applicable statute of limitations for bringing an action for *additional*

compensation was eight years. Minn.Stat. § 176.151 (1974). The eight-year limitation statute was repealed by Act of June 4, 1975, ch. 359, § 17, 1975 Minn.Laws 1168, 1186–87. Both employees filed claim petitions after the limitations statute was repealed and after the eight-year limitations period had expired. In each case, we determined that the repealing amendment applied to employees' claims, and the claims were thus not time-barred. *Marose,* 413 N.W.2d at 512–13; *Klimmek,* 299 N.W.2d at 502–503. The result reached in both *Marose* and *Klimmek* is consistent with an earlier workers' compensation case decided prior to the enactment of section 645.21. *Donovan v. Duluth St. Ry. Co.,* 150 Minn. 364, 185 N.W. 388 (1921). In all three workers' compensation cases—*Donovan, Klimmek,* and *Marose*—the amendatory language granted employees a more liberal time frame in which to bring their claims. Because wholly statutory workers compensation laws comprehensively govern the rights and duties of the parties in an employment relationship and have historically been generally modified with the view of expanding employee benefits arising out of that relationship, workers' compensation cases are distinguishable from cases arising following statutory modifications in other areas of the law. That distinction justifies any departures from the general rule that has arisen involving Minn.Stat. § 645.21, but because that distinction is absent from legislation regulating criminal law, we feel constrained to not extend that exception to the interpretation of the retroactivity issue in criminal cases.

ence to standards governing statutory interpretation, it naturally follows that it is unnecessary for us to embark upon an inquiry into an ex post facto constitutional analysis. Accordingly, we answer the certified question in the negative, and remand to the trial court for dismissal of the action.