**Debbie Joy WSCHOLA, Appellant,**

v.

**Margaret SNYDER, et al., Respondents.**

**No. C0–91–690.**

Court of Appeals of Minnesota.

Dec. 10, 1991.

Review Denied Feb. 10, 1992.

Debra E. Schmidt, Grannis, Grannis, Hauge, Eide, Anderson & Keller, P.A., Eagan, for appellant.

John F. Wagner, McDonough, Vandelist & Wagner, P.A., Apple Valley, for respondents.

Considered and decided by NORTON, P.J., and LANSING and SHORT, JJ.

## OPINION

LANSING, Judge.

Applying the statute of limitations in effect when Wschola's cause of action accrued, the trial court dismissed her case. We reverse and remand.

## FACTS

On June 23, 1988, Margaret Snyder Flor, manager of the Farmington Eagles Club, terminated Debbie Joy Wschola from her employment as a bartender. On April 27, 1989, 308 days after she was fired, Wschola filed a complaint in district court alleging she was terminated because of her pregnancy, in violation of the Minnesota Human Rights Act.

Effective August 1, 1988, the Minnesota Legislature increased the limitations period for the MHRA from 300 days to one year, but did not specify whether it would be applied to causes of action not yet time barred under the old statute of limitations. Applying the 300–day limitations period, the district court granted a motion to dismiss Wschola's action. Wschola appeals.

## ISSUE

Does the 300–day or one-year statute of limitations apply to the complaint brought under the Minnesota Human Rights Act?

## ANALYSIS

Because a statute of limitations is a matter of remedy, not a matter of right, the legislature has the power to expand a limitations period for a cause of action accrued but not yet time barred. *See Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945); *Campbell v. Holt*, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). This power extends to all areas of the law. Annotation, *Validity, and Applicability to Causes of Action Not Already Barred, of a Statute Enlarging Limitation Period*, 79 A.L.R.2d 1080 (1963). Historically, the rule has been that an extended limitations period will apply to causes of action not yet time barred under the old limitations period. *State ex rel. Donovan v. Duluth St. Ry. Co.*, 150 Minn.

364, 185 N.W. 388 (1921) (when construction of the new statute operates as an extension and not a shortening of the limitations, the new statute controls existing claims).

In contrast to the historical rule, Minnesota Statute § 645.21 (1986) provides that "[n]o law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." This statute was passed by the legislature in 1941, 20 years after *Donovan* stated the general rule applicable to extended limitations periods. In a case involving an extension of a limitations period decided two years after the enactment of § 645.21, the court did not specifically discuss or apply § 645.21, but recognized the statute's intent to apply to pending litigation. *See Donaldson v. Chase Sec. Corp.*, 216 Minn. 269, 13 N.W.2d 1 (1943), *aff'd*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945).

Since *Chase*, the Minnesota Supreme Court has, in workers' compensation and criminal law, construed statutes which expand a limitation but do not specify whether they affect pending but unbarred cases. The workers' compensation cases hold that the new statute of limitations applies. *See Marose v. Maislin Transp.*, 413 N.W.2d 507 (Minn.1987); *Klimmek v. Independent School Dist. No. 487*, 299 N.W.2d 501 (Minn.1980). *Klimmek* suggests that the application of a new statute of limitations to an existing cause of action is not a retroactive application, but other cases appear to analyze this as within Minn.Stat. § 645.21. *See id.* at 503.

The supreme court declined to apply an expanded statute of limitations in a criminal case involving a change from a three-year to a seven-year limitation period in a criminal sexual conduct prosecution. *See State v. Traczyk*, 421 N.W.2d 299 (Minn. 1988). The court distinguished the workers' compensation cases as relating to rights and duties in the employment relationship governed entirely by statute and historically expanded in favor of employees. *Id.* at 301 n. 4. In making the distinction, the court stated

[t]hat distinction justifies any departures from the general rule that has arisen involving Minn.Stat. § 645.21, but because that distinction is absent from legislation regulating criminal law, we feel constrained to not extend that exception to the interpretation of the retroactivity issue in criminal cases.

*Id.*

■ The type of relief available under the Minnesota Human Rights Act parallels remedies available under the workers' compensation statutes. Like workers' compensation laws, the Minnesota Human Rights Act governs wholly statutory rights and duties which historically have been expanded in favor of employees. The statute itself provides that it should be construed liberally to effect its purposes. Minn.Stat. § 363.11 (1986).

Moreover, although a civil defendant's repose is important, it does not receive constitutional protection. *See Chase*, 325 U.S. 304, 65 S.Ct. 1137. A defendant in a criminal prosecution risks a loss of liberty that implicates constitutional protections, but no such implication applies here.

Neither is there a violation of the public policy that supports statutes of limitations as practical devices to exclude state claims and protect citizens from being put to a defense after memories have faded, evidence is lost, and witnesses are unavailable. *See id.* at 314, 65 S.Ct. at 1142. Construing the statute to include the additional sixty-five days is unlikely to exacerbate any problems of proof. The legislative history of the act indicates that the purpose of expanding the statute of limitations related not only to the manual difficulty of counting 300 days, but also to the inequity of retaining what was in 1988 the shortest statute of limitations for any similar suit. *Hearings on H.F. 2054 Before the Civil Law Subcomm. of the House Judiciary Comm.*, 75th Minn. Legislature, 1988 Reg.Sess. (Feb. 26, 1988) (statement of Steven Cooper, Commissioner of Minn. Dept. of Human Rights).

The policy considerations supporting the longer time period were reaffirmed by the legislature's passing a bill in 1991 expand-

ing the statute of limitations of this act to two years and specifically allowing it to be applied retroactively, permitting suits on existing claims over a period of three years. *See* S.F. 268, 77th Minn. Legislature, Reg.Sess., 1991 Minn.Laws Chap. 218. *See also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. ——, 111 S.Ct. 2773, 2780, 115 L.Ed.2d 321 (1991) (no clearer indication of how a legislative body would have balanced the policy considerations implicit in any limitations provision than the balance struck by that body in limiting similar or related problems).

## DECISION

The one-year statute of limitations applies to Wschola's cause of action under the Minnesota Human Rights Act. Reversed and remanded for trial on the merits.

Reversed and remanded.

SHORT, Judge (dissenting).

I respectfully dissent. It is undisputed Wschola's complaint was served nine days after the expiration of the 300–day statutory limitation in effect at the time her cause of action commenced to accrue. *See* Minn.Stat. § 363.06, subd. 3 (1986). It is also undisputed Wschola has set forth no mitigating facts to toll that statute of limitations. *See, e.g., State by Khalifa v. Russell Dieter Enter.,* 418 N.W.2d 202, 206 (Minn.App.1988). The 1988 amendment to the Minnesota Human Rights Act statute of limitations is silent as to whether it should be applied retroactively. No law shall be construed to be retroactive unless clearly and manifestly stated by the legislature. Minn.Stat. § 645.21 (1990).

*Donaldson v. Chase Securities Corp.,* 216 Minn. 269, 13 N.W.2d 1 (1943), *aff'd Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), does not alter this legislative mandate. The legislature clearly and manifestly stated its retroactive intent in the statute at issue in *Chase.* Section 645.21 is therefore not discussed in *Chase;* the only issue in *Chase* is whether such retroactive application is unconstitutional. The Supreme Court in *Chase* did not say that the retroactive approach was the better one; it only held that retroactive application was permissible and did not violate the Constitution. 325 U.S. at 313–16, 65 S.Ct. at 1142–43. While the Supreme Court held in *Chase* that a state has the power to apply a statute retroactively, section 645.21 declares that, as a general rule, that power will not be exercised unless the legislature clearly and manifestly states its intent to do so.

*Klimmek v. Independent School Dist. No. 487,* 299 N.W.2d 501 (Minn.1980) does not alter this general rule. In 1988 the Minnesota Supreme Court had the opportunity to extend the *Klimmek* rule beyond workers' compensation cases and declined to do so. *See State v. Traczyk,* 421 N.W.2d 299 (Minn.1988). Instead, the Supreme Court in *Traczyk* characterized the rule in *Klimmek* and *Marose v. Maislin Transport,* 413 N.W.2d 507 (Minn.1987), as "one notable exception in the area of worker's compensation law" and a departure from the § 645.21 "general rule." *Traczyk,* 421 N.W.2d at 301, n. 4. It gave three justifications for this departure. First, in *Klimmek* and *Marose* the employees had already "effectively commenced a proceeding" through their prior claims for statutory benefits for their injuries. The actions in question were claims for additional disability benefits. *Traczyk,* 421 N.W.2d at 301, n. 4. Second, the result in *Klimmek* and *Marose* is consistent with *Donovan v. Duluth St. Ry. Co.,* 150 Minn. 364, 185 N.W. 388 (1921), a workers' compensation case decided before enactment of section 645.21. *Traczyk,* 421 N.W.2d at 301, n. 4. Third,

[b]ecause wholly statutory workers compensation laws comprehensively govern the rights and duties of the parties in an employment relationship and have historically been generally modified with the view of expanding employee benefits arising out of that relationship, workers' compensation cases are distinguishable from cases arising following statutory modifications in other areas of the law.

*Id.* None of these justifications applied in *Traczyk,* a criminal case. While arguably

the third justification applies in Wschola's case, the first two do not. Extending the *Klimmek* exception beyond workers' compensation law to this case risks limiting the effect of section 645.21 to criminal cases only. This is a task for the legislature, not the courts.

If the legislature had wanted to expand its 1988 amendment of section 363.06 to cover Wschola's case, it could have drafted the statute of limitations to apply to all actions pending. *See, e.g.,* 1988 Minn.Laws ch. 607 § 3 ("Sections 1 and 2 are effective the day following final enactment and apply to matters pending on or instituted on or after the effective date."). I would affirm the trial court's decision that Wschola's claim is time barred.