**James L. HAUGEN, Appellant,**

v.

**TOTAL PETROLEUM, INC., Appellee.**

**No. 91–2498.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided April 6, 1992.

Daniel Taber, Minneapolis, Minn., argued for appellant.

David Goldstein, Minneapolis, Minn., argued (Reid Carron and Andrew Martens, on the brief), for appellee.

Before McMILLIAN and HANSEN, Circuit Judges, and VAN SICKLE,* Senior District Judge.

McMILLIAN, Circuit Judge.

James Haugen appeals from a final judgment entered in the United States District Court[1] for the District of Minnesota dismissing his claim under the Minnesota Human Rights Act, Minn.Stat. § 363.03, subd. 1 (1991), as barred by the statute of limitations. *Haugen v. Total Petroleum, Inc.*, No. 4–91–21 (D.Minn. May 23, 1991).

The sole issue in this appeal is which statute of limitations should apply: the

---

* The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

300–day statute of limitations in effect when the alleged discriminatory practice occurred, Minn.Stat. § 363.06, subd. 3 (1986), or the one-year statute of limitations which became effective one month after the alleged discriminatory practice occurred, Minn.Stat. § 363.06, subd. 3 (1991). There is no dispute that Haugen's action was filed within the one-year statute of limitations. Since the district court's decision, the Minnesota Court of Appeals has decided that the new one-year statute of limitations should be applied retroactively. *Wschola v. Snyder,* 478 N.W.2d 225 (Minn. Ct.App.1991), *rev. denied,* No. CO–91–690 (Minn. Feb. 10, 1992). We therefore reverse and remand this case to the district court for reconsideration in light of *Wschola v. Snyder* and, if the district court decides that Haugen's action is not time-barred, for further proceedings. If the district court determines that *Wschola v. Snyder* is not applicable and therefore Haugen's action is time-barred, then the district court will certify its results to this court which retains jurisdiction over the appeal.