**James L. HAUGEN, Plaintiff,**

v.

**TOTAL PETROLEUM, INC., Defendant.**

**Civ. No. 4–91–21.**

United States District Court,
D. Minnesota,
Fourth Division.

June 1, 1992.

Daniel Paul Taber, Taber Law Firm, Minneapolis, Minn., for plaintiff.

David Jeffrey Goldstein, F. Reid Carron, Faegre & Benson, Minneapolis, Minn., for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on remand from the Eighth Circuit, 960 F.2d 762 (1992), for reconsideration of an order dismissing plaintiff's claims as untimely. Based on a review of the file and record, the court reaffirms its prior dismissal.

## BACKGROUND

Plaintiff brought the present action alleging that defendant refused to hire him because of his disability, in violation of the Minnesota Human Rights Act ("MHRA"), Minn.Stat. § 363.01, subd. 13. It is undisputed that plaintiff's cause of action accrued on July 1, 1988, the date of defendant's refusal. On June 21, 1989, plaintiff filed a charge of disability discrimination with the Minnesota Department of Human Rights. On October 31, 1990, the department dismissed plaintiff's charge based on its determination that his claims did not warrant further use of department resources. On December 13, 1990, plaintiff filed this action in state court; defendant subsequently removed to this court.

On July 1, 1988, the date on which plaintiff's cause of action accrued, the MHRA required a party to bring a claim of an unfair discriminatory practice "within 300 days after the occurrence of the practice." Minn.Stat. § 363.06, subd. 3. That section was amended, effective August 1, 1988,[1] to extend the limitation period to one year. 1988 Minn.Sess.Laws ch. 660, § 6 (codified as amended at § 363.06, subd. 3) ("1988 amendment"). It is undisputed that plaintiff's claims are untimely if governed by the 300–day limitation period but timely if the one-year limitations period applies.

Defendant moved to dismiss plaintiff's claims under the shorter limitations period. In an order dated May 22, 1991, the court granted that motion, applying the 300–day limitations period based on its determination that the one-year period would not apply retroactively under Minnesota law. Plaintiff appealed and the Eighth Circuit remanded the case for reconsideration in light of a decision of the Minnesota Court of Appeals dated December 10, 1991, in which a divided panel applied the one-year limitations period retroactively to a claim that had accrued but was not yet untimely under the longer limitations period. *Wschola v. Snyder,* 478 N.W.2d 225 (Minn. Ct.App.1991) (Short, J., dissenting), *pet. for rev. denied* (Minn. Feb. 10, 1992).[2]

---

1. Under Minnesota law, a newly enacted law "takes effect on August 1 next following its final enactment, unless a different date is specified in the act." Minn.Stat. § 645.02. The amended version of § 363.06, subd. 3 is silent concerning any effective date, thus it became effective August 1, 1988.

2. The facts in *Wschola* are similar to those in the present case. Wschola's cause of action accrued June 23, 1988, before the effective date of the 1988 amendment, and her complaint was

Plaintiff now seeks to reinstate his claims, arguing that under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court is bound by the *Wschola* decision. Defendant argues, however, that the court is free to "make [its] own determination of what the Supreme Court of Minnesota would probably rule in a similar case." In support of its position, defendant cites *Village of Brooten v. Cudahy Packing Co.*, 291 F.2d 284 (8th Cir.1961). The court finds, however, that defendant's reliance on *Cudahy* is misplaced. In *Cudahy*, the Eighth Circuit considered the weight that should be given two unreported Minnesota trial court opinions in the absence of a decision by the Minnesota Supreme Court. *Id.* at 288 & n. 2 (decided before the Minnesota Court of Appeals had been established). For purposes of determining the weight to be given state appellate court decisions, however, the Eighth Circuit has applied the following standard:

> Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the high court of the state would decide otherwise.

*Johnson v. State Farm Mut. Auto. Ins. Co.*, 252 F.2d 158, 164 (8th Cir.1958) (quoting *West v. American Tel. & Tel.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940) and following a decision of Missouri appellate court); *accord A.L. Williams & Assocs. v. Stelk*, 960 F.2d 942, 948 (11th Cir.1992); *Northern Ins. Co. v. Aardvark Assocs.*, 942 F.2d 189, 193 (3d Cir.1991); *Indiana Harbor Belt R.R. v. American Cyanamid Co.*, 916 F.2d 1174, 1176 (7th Cir.1990).[3] Thus, the court will apply the standard set forth in *Johnson* to determine whether the *Wschola* decision is controlling.

In *Wschola*, the court of appeals noted that historically Minnesota courts applied longer limitations periods retroactively. 478 N.W.2d at 226–27 (citing *Donovan v. Duluth St. Ry.*, 150 Minn. 364, 185 N.W. 388 (1921)). The court further noted, however, that the common law presumption of retroactivity was changed by the statute:

> No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

*Id.* at 227 (quoting Minn.Stat. § 645.21 (1986), which was originally enacted in 1941). The Minnesota Supreme Court has recognized two exceptions to the statutory presumption of prospectivity: criminal cases, *e.g., State v. Traczyk*, 421 N.W.2d 299, 300–01 (Minn.1988), and worker's compensation cases, *e.g., Marose v. Maislin Transp.*, 413 N.W.2d 507 (Minn.1987); *Klimmek v. Independent School Dist. No. 487*, 299 N.W.2d 501 (Minn.1980); *Donovan*, 185 N.W. at 388; *cf. Traczyk*, 421 N.W.2d at 301 n. 4 (in civil cases, worker's compensation claims are the "one notable exception" to the rule of prospectivity set forth in § 645.21). The *Wschola* court extended the worker's compensation exception to MHRA claims based on its determination that the MHRA and worker's compensation statutes both provide the same type of relief and:

> govern[ ] wholly statutory rights and duties which historically have been expanded in favor of employees.

478 N.W.2d at 227 (relying on a justification for the worker's compensation exception set forth in *Traczyk*, 421 N.W.2d at 301 n. 4). The court further noted that the MHRA "itself provides that it should be construed liberally to effect is purposes." *Id.* (citing Minn.Stat. § 363.11 (1986)). The

served 309 days after her cause of action accrued. Thus, like Haugen, her claim was timely under the new limitations period but untimely under the statute of limitations in effect when her cause of action accrued.

**3.** For purposes of *Erie*, the Supreme Court has explicitly distinguished between lower state court decisions, which are to be given "some weight", *King v. Order of United Commercial Travelers*, 333 U.S. 153, 160–61, 68 S.Ct. 488, 492–93, 92 L.Ed. 608 (1948), and intermediate state court decisions, which are "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West*, 311 U.S. at 237, 61 S.Ct. at 183.

court thus determined that the newly enacted statute of limitations should be retroactively applied. *Id.*[4]

Although the *Wschola* majority distinguishes *Traczyk* as a criminal action, the Minnesota Supreme Court applied a statute of limitations prospectively in *Traczyk* based on "Minnesota rules of statutory construction" that are equally applicable to civil actions. 421 N.W.2d at 300. In *Traczyk*, the Minnesota Supreme Court further emphasized that the statutory presumption of prospectivity set forth in § 645.21 applies to both procedural and substantive laws and explicitly distinguished worker's compensation cases:

> [t]raditionally, consistent with the mandate of Minn.Stat. § 645.21, we have required clear evidence of retroactive intent before applying statutes retroactively with *one notable exception* in the area of worker's compensation law.

*Id.* at 300–01 & n. 4 (distinguishing *Marose, Klimmek* and *Donovan* on that basis) (emphasis added).[5] Moreover, on two other occasions the Minnesota Supreme Court has explicitly refused to retroactively apply other amendments to the predecessor of the MHRA provision at issue in *Wschola* and the present case, Minn.Stat. § 363.06, subd. 3. *Buchholz v. Capp Homes, Inc.,* 321 N.W.2d 893 (Minn.1982) (applying statutory presumption of prospectivity in §§ 645.21 & 645.31 to the MHRA); *Carlson v. Independent Sch. Dist. No. 623,* 392 N.W.2d 216, 220 (Minn.1986) (citing *Buchholz* with approval when refusing to retroactively apply amendment that changed § 363.06, subd. 3, from a jurisdictional filing requirement to a statute of limitations).[6]

Applying the statutory presumption set forth in § 645.21 and the Minnesota Supreme Court's rulings in *Traczyk, Buchholz* and *Carlson,* the court concludes that the Minnesota Supreme Court would refuse to retroactively apply the 1988 amendment to Minn.Stat. § 363.06, subd. 3.[7] Applying the *Johnson* standard, the court declines to follow *Wschola* and reaffirms its prior order of May 22, 1991.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's complaint is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**4.** The *Wschola* court further noted that a civil defendant's repose has no constitutional protection and that the policy considerations underlying its decision:

> were reaffirmed by the legislature's passing a bill in 1991 expanding the statute of limitations of this act to two years and specifically allowing it to be applied retroactively.

*Id.* at 227–28.

**5.** As the *Wschola* dissent notes, *Traczyk* distinguished worker's compensation cases from all other types of claims for three reasons, only one of which arguably applied in *Wschola.* 478 N.W.2d at 228–29 (Short, J., dissenting).

**6.** Relying on § 645.21, the Minnesota Supreme Court has also refused to retroactively apply a shorter statute of limitations in a personal injury case. *Lovgren v. Peoples Elec. Co.,* 380 N.W.2d 791, 796 (Minn.1986).

**7.** The Minnesota Supreme Court denied review in *Wschola.* Denial of review is not relevant, however, to the issue of how that court might decide *Wschola.* As the Minnesota Supreme Court cautioned in *Murphy v. Milbank Mutual Ins. Co.:*

> denial of a petition for further review means no more than that supreme court has declined, at that time and for whatever undisclosed reasons, to consider the matter....
>
> . . . .
>
> The temptation to read significance into a denial of a petition for further review is best resisted. The denial does not give the court of appeals decision any more or less precedential weight than a court of appeals decision from which no review was sought.

388 N.W.2d 732, 739 (Minn.1986).