**James L. HAUGEN, Appellant,**

v.

**TOTAL PETROLEUM, INC., Appellee.**

**No. 91–2498.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1992.

Decided July 27, 1992.

Daniel Taber, Minneapolis, Minn., argued, for appellant.

David Goldstein, argued, Reid Carron and Andrew Martens, Minneapolis, Minn., for appellee.

Before McMILLIAN and HANSEN, Circuit Judges, and VAN SICKLE,* Senior District Judge.

McMILLIAN, Circuit Judge.

James Haugen appeals from a final judgment entered in the United States District Court[1] for the District of Minnesota dismissing his disability discrimination claim under the Minnesota Human Rights Act, Minn.Stat. § 363.03, subd. 1 (1991), against Total Petroleum (Total), as barred by the statute of limitations, 791 F.Supp. 788. *Haugen v. Total Petroleum, Inc.,* No. 4–91–21 (D.Minn. May 23, 1991). The district court held that the new, longer statute of limitations did not apply retroactively to Haugen's claim and, therefore, under the old statute of limitations his claim was time-barred. Since the district court issued its May 23, 1991, order and while the appeal was pending, the Minnesota Court of Appeals decided *Wschola v. Snyder,* 478 N.W.2d 225 (Minn.Ct.App.1991) (*Wschola*), *review denied,* No. CO–91–690 (Minn. Feb. 10, 1992), holding that the new, longer statute of limitations should be applied retroactively. We remanded the present case to the district court for reconsideration in light of *Wschola* and retained jurisdiction over the appeal. *Haugen v. Total Petroleum, Inc.,* 960 F.2d 762 (8th Cir.1992). The district court concluded that the Minnesota Supreme Court would not follow *Wschola* and reaffirmed its earlier judgment dis-

---

* The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

missing Haugen's claim. *Haugen v. Total Petroleum, Inc.*, 791 F.Supp. 788 (D.Minn. 1992). The district court certified its June 1, 1992, order to this court. For the reasons discussed below, we affirm the judgment of the district court.

Haugen was employed by Q Petroleum for 11 years as a truck driver. While employed by Q, Haugen injured his back. When Total bought the assets of Q, Haugen was the only Q driver not hired by Total. Haugen alleged that Total did not hire him because of his disability status in violation of the Minnesota Human Rights Act, Minn.Stat. § 363.03, subd. 1 (1991).

On June 21, 1989, Haugen filed a charge of disability discrimination with the Minnesota Department of Human Rights (MDHR), claiming that the discriminatory practice had occurred on July 1, 1988. The MDHR dismissed the action and on December 13, 1990, Haugen commenced an action in state court. The case was removed to federal district court on January 11, 1991.

On January 14, 1991, Total filed a motion to dismiss claiming that the charge filed with the MDHR on June 21, 1989, was barred by the 300–day statute of limitations in effect when the discriminatory practice occurred. The district court granted this motion to dismiss, holding initially and upon reconsideration, that Haugen's claim was barred by the state statute of limitations in effect at the time of the discriminatory practice and that the new, longer statute of limitations applied prospectively only. 791 F.Supp. at 791. Haugen appeals.

There is no dispute that Haugen's charge was filed 355 days after the discriminatory practice. The statute in effect at the time of the discriminatory practice contained a 300–day statute of limitations. Minn.Stat. § 363.06, subd. 3 (1986). Effective August 1, 1988, the statute of limitations was lengthened to one year. Minn.Stat. § 363.-06, subd. 3 (1991). Haugen's charge was filed within the one year statute of limitations. The sole issue in the present case is which statute of limitations applies.

Haugen argues that the new, longer statute of limitations should be applied retroactively and, therefore, applied to his claim. Because the new statute of limitations became effective before his claim was time-barred under the old statute of limitations, Haugen argues that the new limitations period applies.

Total argues that the new statute of limitations should not be applied retroactively and, therefore, the district court correctly held that Haugen's claim was time-barred.

By statute, Minnesota has a presumption against the retroactive application of statutes: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. Ann. § 645.21 (West 1947). This presumption is explained by the Minnesota Supreme Court in a criminal case involving a longer statute of limitations which became effective before the time under the older, shorter limitation period had expired. *State v. Traczyk*, 421 N.W.2d 299, 299 (Minn.1988) (*Traczyk*). In *Traczyk*, the Minnesota Supreme Court stated that the legislative mandate of § 645.21 requires "clear evidence that the legislature intended retroactive application," *id.* at 300, and that " 'it is immaterial ... whether a law alters procedural or substantive rights; the legislature still must express its intention to make it [the statute in question] retroactive'." *Id.*, quoting *In re Estate of Murphy v. State Dep't of Public Welfare*, 293 Minn. 298, 198 N.W.2d 570, 576 (1972). The Minnesota Supreme Court then examined the statute in question and determined that the statute did not contain a clear legislative intent to be applied retroactively, and, therefore, the statute was applied prospectively. *Traczyk*, 421 N.W.2d at 301–02.

The one area where the Minnesota Supreme Court has applied new, longer statutes of limitations retroactively is worker's compensation. *See, e.g. Marose v. Maislin Transp.*, 413 N.W.2d 507 (Minn.1987); *Klimmek v. Independent Sch. Dist.*, 299 N.W.2d 501 (Minn.1980). *Traczyk* explains that worker's compensation cases are the exception, rather than the rule: "Traditionally, consistent with the mandate of Minn. Stat. § 645.21, we have required clear evi-

dence of retroactive intent before applying statutes retroactively with one notable exception in the area of worker's compensation law." 421 N.W.2d at 301 n. 4.

Against this background, the Minnesota Court of Appeals decided *Wschola.* *Wschola* involved the same statute of limitations as the present case and a plaintiff in the same situation as Haugen. The Minnesota Court of Appeals concluded that "[t]he type of relief available under the Minnesota Human Rights Act parallels remedies available under the worker's compensation statutes," *Wschola,* 478 N.W.2d at 227, and applied those worker's compensation cases holding that new statutes of limitations which lengthen the limitations period are applied retroactively. *Id.* at 228.

■ Despite this holding by the Minnesota Court of Appeals, the district court on remand refused to apply the new limitations period retroactively and dismissed Haugen's claim as time-barred. We review de novo the district court's determination of state law. *Salve Regina College v. Russell,* — U.S. —, —, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). The district court and this court on review apply the standard of review set out by the Supreme Court in determining the weight given to *Wschola:*

> Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.

*West v. American Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940) (citations omitted); *see Garnac Grain Co. v. Blackley,* 932 F.2d 1563, 1570 (8th Cir.1991).

■ Applying this standard of review, we agree with the district court that the Minnesota Supreme Court would refuse to retroactively apply the statute of limitations in the present case.[2] The Minnesota Supreme Court has specifically limited its exception to the mandate in § 645.21 to worker's compensation cases and that limitation was clearly stated in the footnote in *Traczyk* quoted above. The *Wschola* court tried to distinguish *Traczyk* because it was a criminal case, but an examination of *Traczyk* shows that the Minnesota Supreme Court based its analysis in that case on statutory construction, not that it was a criminal case. The Minnesota Supreme Court examined the new statute of limitations in *Traczyk* to determine whether there was an legislative intent to overcome the presumption in § 645.21 and, because there was no legislative intent, § 645.21 was applied. *Traczyk,* 421 N.W.2d at 301–02. The *Traczyk* court specifically noted that because it based its decision on statutory construction, it was "unnecessary ... to embark upon an inquiry into an ex post facto constitutional analysis." *Id.* at 302. Therefore, we conclude the Minnesota Supreme Court did not intend to limit its holding in *Traczyk* to criminal cases and we hold that the Minnesota Supreme Court, if faced with the present case, would apply its analysis in *Traczyk* and hold that the new, longer limitation period should not be applied retroactively. *See Carlson v. Independent Sch. Dist.,* 392 N.W.2d 216, 223 (Minn.1986) (earlier amendments to the Minnesota Human Rights Act not applied retroactively); *Buchholz v. Capp Homes, Inc.,* 321 N.W.2d 893, 895 (Minn.1982) (same).

Accordingly, we affirm the judgment of the district court.

---

2. The Minnesota Supreme Court denied review of *Wschola v. Snyder,* 478 N.W.2d 225 (Minn.Ct. App.1991), *review denied,* No. CO–91–690 (Minn. Feb. 10, 1992). This denial does not affect our analysis because "[t]he denial does not give the court of appeals decision any more or less precedential weight than a court of appeals decision from which no review was sought." *Murphy v. Milbank Mut. Ins. Co.,* 388 N.W.2d 732, 739 (Minn.1986).